## BARWICK *v*. STATE.

### Opinion delivered February 17, 1913.

1. CRIMINAL LAW—PLEA OF GUILTY—ENTRY OF JUDGMENT AT SUBSE-
   QUENT TERM.—Upon a plea of guilty entered at one term of court,
   judgment may be entered at a subsequent term. (Page 117.)

2. CRIMINAL LAW—JUDGMENT BY PIECEMEAL.—When defendant is in-
   dicted and enters a plea of guilty, and the court noted on the rec-
   ord the following order: "That this cause be continued; that de-
   fendant pay all costs herein at once, and that the fine be imposed
   at the pleasure of the court." Defendant did not object, and at
   next term, the court entered judgment against defendant and
   assessed the fine. *Held*, no judgment was rendered except the one
   imposing the fine, and the court did not render judgment by
   piecemeal. (Page 117.)

3. JUDGMENTS—LAPSE OF TIME.—A prosecution is not barred by lapse
   of time, when the court continued the cause from term to term
   for further proceedings. (Page 117.)

4. JUDGMENTS—DELAY—WAIVER.—When a court continues a cause from
   term to term for further proceedings, and the defendant does not
   ask for final judgment, he is held to have waived the delay, and
   can not complain because the court delayed in entering judgment
   on his plea. (Page 118.)

Appeal from Craighead Circuit Court, Jonesboro
District; *W. J. Driver*, Judge; affirmed.

*Hawthorne & Hawthorne,* for appellant.

1. Unlike the Joiner case, 94 Ark. 198, the record in this case shows that the plea of appellant was entered upon condition. It is immaterial that the judgment of February, 1907, was entered by appellant's consent. The court had no power at the November term, 1912, to impose any part of a sentence upon appellant under the order rendered at the February term, 1907. 144 S. W. (Ark.) 208. "The entire sentence must be pronounced at one time, not in parcels." 1 Bishop's New Criminal Procedure, § 1291; 61 Mich. 110.

2. The cause became abandoned and discontinued. A discontinuance results in a cause whenever for any reason there is in connection with it and the court records a lapse, unless such lapse is the fault of the defendant, 20 Ala. 9; 47 Ala. 675; 67 Ky. 427; 64 Ind. 371; 48 N. E. 261; Black's Law Dict. 818.

*William L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The plea was unqualified. This case is controlled by *Joiner* v. *State,* 94 Ark. 108. The power to impose a partial judgment at one term and another part at a subsequent term is not involved here. Costs are not a part of the judgment for a fine. 151 S. W. (Ark.) 1023; 61 Ark. 17; 12 Ark. 123.

2. There was no discontinuance. It was not incumbent upon the court to have the case upon the docket at each term in order to avoid a discontinuance, but, even if that were necessary, there is nothing in the record to show that the case was not so docketed.

McCulloch, C. J. An indictment was returned by the grand jury of Craighead County, Jonesboro District, at the October term, 1906, against appellant, Ben Barwick, charging him with the offense of selling intoxicating liquor in violation of law. At the next term of the court, which was the February term, 1907, appellant entered a plea of guilty to the charge and the court, after receiving the plea and noting the same upon the record, caused an order to be entered "that this cause be continued; that

the defendant pay all costs herein at once, and that the fine be imposed at the pleasure of the court.'' No objection appears to have been made by appellant to this order of the court, and no further proceedings were had until the November, 1912, term of the court, when the case was called and the court entered judgment against the defendant, upon his plea of guilty, for a fine in the sum of $100. From that judgment, he has prosecuted an appeal.

Appellant's plea of guilty was entered unconditionally, therefore, the case does not fall within the ruling of this court in *Wolfe* v. *State,* 102 Ark. 295.

We held in the case of *Joiner* v. *State,* 94 Ark. 198, that ''upon a plea of guilty entered at one term of court, judgment may be entered at a subsequent term.'' That case is, therefore, conclusive of the question raised now as to the power of the court to render judgment at a subsequent term.

It is urged, however, that the court had no power to adjudge the penalty by piecemeal, and that in as much as a judgment for costs was rendered that exhausted the court's power to render any further judgment. The award of costs was a mere incident (*Villines* v. *State,* 105 Ark. 471), and it may well be doubted whether the costs could be collected until final judgment was rendered against appellant. The record of the court affirmatively shows that no judgment was rendered, but that the judgment imposing the fine was expressly reserved ''at the pleasure of the court.'' It can not, therefore, be said that the court rendered judgment by piecemeal, as it never attempted to render any judgment at all except the one from which this appeal is prosecuted.

It is also insisted that the case was abandoned, and that the prosecution was barred by lapse of time. As before stated, no judgment was rendered and the court continued the case for further proceedings. It was not abandoned, and no statute is brought to our attention which would operate as a bar, on account of lapse of time, to the exercise of the court's power to render judgment after lapse of several terms.

Counsel cite cases to the effect that a court can not, at will, strike criminal cases from the docket and reinstate them. But it does not appear from the record here that the court ever struck this case from its docket, and reinstated it. Nor does it appear that appellant had ever asked for final judgment, or asked to be discharged on account of no judgment being rendered. For aught the record shows, the defendant may have been in attendance at each subsequent term of the court, and made no objection to further continuance. Under those circumstances, he waived the delay, and can not complain because the court delayed entering judgment on his plea. *Ex parte Hall,* 47 Ala. 675.

The court acted within its powers in rendering judgment at a subsequent term, and no abuse of discretion is shown. Judgment affirmed.