In Re Juan Lujan, 18 N. M. 310.

---

[No. 1602, December 2, 1913.]

In re JUAN LUJAN,
HABEAS CORPUS.

SYLLABUS (BY THE COURT)

1. Where a District Court is without power to suspend the execution of the judgment in a criminal cause, or to withhold the commitment, an order so made, attempting to do so, is null and void and without force and effect, and amounts to surplusage.

P. 313

2. Where a defendant, duly sentenced by a District Court to serve a definite term in the State penitentiary, is permit-

In Re Juan Lujan, 18 N. M. 310.

ted to go and remain at large, under a void order of the Court, he may be taken into custody and compelled to serve the term fixed in the judgment, even though a longer period of time than that for which he was sentenced has elapsed since the sentence was imposed.

P. 314

Original proceeding in the Supreme Court. Habeas Corpus.

IRA L. GRIMSHAW, Assistant Attorney General, Santa Fe, N. M., for respondent.

The court had power to provide that the commitment should not issue so long as the defendant remained outside of New Mexico. Gibson v. State, 68 Miss. 841; 12 Cyc. 773; State v. Whitt, 117 N. C. 804; Weaver v. People, 33 Mich. 296; Weber v. State, Ohio, 41 L. R. A. (N. S.) 427; People v. Forsyth, 23 L. R. A. (N. S.) 856; People v. Patrick, 118 Cal. 332; State v. Hatley, 110 N. C. 552; 12 Cyc. 774; Ex parte Bugg, 145 S. W. 831; Spencer v. State, 140 S. W. 688; Roberts v. Wansley, 137 Ga. 439; State v. White, 140 S. W. 1059.

Arrest of petitioner, after the expiration of the term of imprisonment named in the sentence, is legal and valid. State, v. Kitchens, 27 Am. Dec. 412; State v. Chancellor, 47 Am. Dec. 558; Muller v. Evans, 115 Ia. 102, et seq.; State v. Cockersham, 23 N. C. 204; In re Collins, 8 Cal. App. 370; Fuller v. Miss., 39 L. R. A. (N. S.) 242; Gibson v. State, 68 Miss. 241; State v. Spencer, 38 L. R. A. (N. S.) 680; In re Leo Hinson, 36 L. R. A. (N. S.) 343; People v. Pateick, 118 Cal. 332; Neal v. State, 69 Am. St. R. 176; In re Webb, 89 Wis. 354; Ex parte Vance, 13 L. R. A. 574; Dolan's Case, 101 Mass. 219; State v. Abbott, 33 L. R. A. (N. S.) 112; O'Dwyer v. Kelly, 133 Ga. 824; Ex parte Clara Moore, 12 Cal. App. 161; In re Herbert L. Collins, 8 Cal. App. 367.

In Re Juan Lujan, 18 N. M. 310.

## STATEMENT OF FACTS.

On September 25, 1908, Juan Lujan, the petitioner herein upon a plea of guilty to an indictment charging him with the crime of assault with a deadly weapon, was, by the District Court of Eddy County, sentenced to serve a term of imprisonment of two years in the Territorial penitentiary at Santa Fe, New Mexico. The judgment of the Court was in the following words, viz:——

"Now comes the Territory by her District Attorney and comes the defendant in his own proper person in custody of the sheriff and the defendant being asked if he has anything to say why the sentence of the Court should not be passed against him, nothing says and the Court, pursuant to a plea of guilty heretofore entered herein, assessed his punishment at imprisonment in the Territorial penitentiary at hard labor for the full period of two years and that he pay the cost of this prosecution.

"It is therefore considered and adjudged by the Court that the defendant, Juan Lujan, be imprisoned in the Territorial penitentiary, situate at Santa Fe, New Mexico, for the full term of two years, and that he pay the costs of this prosecution to be taxed and that execution issue therefor and the sheriff of Eddy County is hereby ordered to deliver the said Juan Lujan to the Superintendent or Warden of the said penitentiary and that the said Superintendent or Warden of the said penitentiary confine the said Juan Lujan in said penitentiary for the full term of two years from the date of the confinement hereunder, and until said costs are discharged by operation of law and that commitment issue therefore.

"And it is further ordered that if the defendant shall forthwith remove himself from the Territory of New Mexico the commitment hereunder shall not issue so long as he shall remain absent from the said Territory"

No commitment was issued in said cause until July 17, 1913, when an order was made by the District Court of said County, directing the issuance of a commitment because of a violation of the terms of the order upon which commitment was withheld, and thereafter petitioner was

In Re Juan Lujan, 18 N. M. 310.

taken into custody and confined in the State penitentiary at Santa. Fe. Thereupon petitioner applied to this Court for his release upon a writ of habeas corpus.

## OPINION OF THE COURT.

ROBERTS, C. J.—The power to suspend the execution of a sentence in a felony case. is conferred upon the District Courts of the State by sec. 1, chap. 32, S. L. 1909. The order of suspension in this case, however, was made prior to the enactment of the statute, and petitioner's application for his release from the custody of the warden of the State penitentiary is predicated upon the assumption that the District Court, when it sentenced petitioner, upon his plea of guilty, in the absence of a statute so authorizing, had not the power to provide "that if the defendant shall forthwith remove himself from the Territory of New Mexico, the commitment hereunder shall not issue so long as he shall remain absent from the Territory of New Mexico." If it be conceded that the Court had the power to make the order, suspending the execution of the judgment, it would follow necessarily that, upon violation of the order, the Court would have the right to revoke the order, and commit the defendant. On the other hand, if the Court was without power to suspend the execution of the judgment, or withhold the commitment, then the order so made attempting to do so, would be null and void and without force and effect, and would amount to surplusage. Spencer v. State, (Tenn.) 140 S. W. 597, and cases cited; Fuller v. Miss., 39 L. R. A. (N. S.) 242. This being true the only question involved in this case is whether the Court has lost its power to enforce the execution of its judgment providing for the imprisonment of petitioner in the State penitentiary for a period of two years, by reason of the fact that more than said period of time has elapsed since the imposition of the sentence. In other words, can a sentence be satisfied until it has been actually served, in the absence of a pardon? While there is a conflict of authority upon the proposition, we believe the correct rule was laid down by

the Mississippi Supreme Court in the case of Fuller v. Miss., 57 Southern 6; 39 L. R. A. (N. S.) 242.

"It is immaterial that a longer period of time than that for which appellant was sentenced has elapsed since the sentence was imposed. While at large under this void **2** order, to which he did not object, appellant was in the same situation that he would have been had, he simply escaped from custody. In such case the sentence is not satisfied until it has been actually served. Ex parte Bell, 56 Miss. 282; 1 Bishop's Crim. Proc., 4th ed., 1384; Spencer v. State, (Tenn.) 38 L. R. A. (N. S.) 680, 140 S. W. 597; State v. Abbott, 87 S. C. 466, 33 L. R. A. (N. S.) 112, 70 S. E. 6; Ann. Cas. 1912 B. 1189; Miller v. Evans, 115 Iowa 101, 56 L. R. A. 101, 91 Am. St. 143; 88 N. W. 198; Neal v. State, 104 Ga. 509, 42 L. R. A. 190, 69 Am. State Rep. 175, 30 S. E. 858; Tanner v. Wiggins, 54 Fla. 203, 45 So. 459, 14 Ann. Cas. 718."

See also, In re Leo Hinson, (N. C.) 36 L. R. A. (N. S.) 343; People v. Patrick, 118 Calif. 332; Ex parte Vance, 13 L. R. A. 574; Dolan's Case, 101 Mass. 219; O'Dwyer v. Kelley, 133 Ga. 824; In re Herbert L. Collins, 8 Cal. App. 367.

For the reasons stated, petitioner will be remanded to the custody of John B. McManus, superintendent of the State penitentiary, to be dealt with according to law and the writ of habeas corpus will be discharged, and it is so ordered.

SYLLABUS (BY THE COURT)

