**UNITED STATES ex rel. HANSEN v. HILL, Warden et al.**

**No. 12.**

District Court, M. D. Pennsylvania.

Oct. 11, 1933.

Herbert E. Rosenberg, of New York City, for petitioner.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondents.

JOHNSON, District Judge.

The petitioner in this case filed his petition for a writ of habeas corpus directed to the warden of the Northeastern Penitentiary, wherein he alleges that he is illegally restrained of his liberty by the sentence of the court, which was without power to sentence him.

A rule to show cause why the writ should not issue was granted, and the petitioner with his counsel appeared before this court. The respondent filed an answer praying that the petition be denied, and at the hearing was represented by the assistant United States attorney.

From the petition and proofs submitted at the argument, it appears that the petitioner was indicted on March 12, 1929, in the United States District Court for the Southern District of New York, on two counts; the first count charging him with smuggling certain merchandise into this country in violation of section 593 (a) of the Tariff Act of 1922 (19 USCA § 496), and the second count charging him with concealing certain merchandise which had been imported into the United States in violation of section 593 (b) of the Tariff Act of 1922 (19 USCA § 497).

On March 26, 1929, the petitioner entered a plea of guilty, and was sentenced to imprisonment for a term of three weeks on count 1 of the indictment, and for a term of one year and one day in the United States Penitentiary at Atlanta, Ga., on count 2 of the indictment. The execution of the sentence on count 1 was suspended, and the execution of the sentence on count 2 was stayed pending further order of the court. On April 9, 1929, the sentence under count 2 was suspended and

the prisoner ordered to leave the United States within two weeks.

On March 10, 1933, the defendant, apparently not having complied with the order of the court directing him to leave the country, a bench warrant was issued, and on March 14, 1933, the defendant was arraigned before the same court, and was sentenced to imprisonment in the United States Northeastern Penitentiary, at Lewisburg, Pa., for a term of one year and one day on count 2 of the indictment to run consecutively with sentence on count 1, which has already been served.

At the hearing before this court, counsel for the petitioner contended that because section 725 of title 18 of the U. S. Code in paragraph 2 (18 USCA § 725, par. 2) provides that a probation officer may arrest the probationer at any time after the probation period but within the maximum period for which the defendant might originally have been sentenced, and since the maximum sentence which could have been imposed in this case was two years on each count, the sentencing court was without jurisdiction to resentence the defendant on March 14, 1933.

The probation law has no relevancy here. Hansen was not placed on probation, nor does the record show that he was rearrested by a probation officer. In any event the maximum sentence which could have been imposed on the defendant was four years, two years under count 1 and 2 years under count 2. He was sentenced the first time on March 26, 1929, and the second time on March 14, 1933, less than four years after the first sentence.

Nor can this case be decided under the principles as announced by the Supreme Court of the United States in the case of Joseph F. Miller, Petitioner, v. A. C. Aderhold, Warden, 288 U. S. 206, 53 S. Ct. 325, 77 L. Ed. 702, decided February 6, 1933, as contended by the United States attorney, because that case was one, where, after a plea of guilty, the court suspended indefinitely any imposition of sentence.

In the case at bar the court imposed the sentence of imprisonment for one year and one day and then suspended its execution upon the condition that the defendant leave the country within two weeks. There are numerous decisions of the state courts holding that a court having power to make an order suspending the execution of its judgment in criminal cases necessarily, upon violation of such order, has the power to revoke the same and to enforce the original judgment by commitment; and such right is not im-

750

paired or limited by the passing of the term in which such suspension is made. 16 Corpus Juris, § 3141; and see the following cases cited therein: State v. Drew, 75 N. H. 402, 74 A. 875; Ex parte Bates, 20 N. M. 542, 151 P. 698, L. R. A. 1916A, 1285; People v. Monroe County, Court of Sessions, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856; People v. Trombly, 173 App. Div. 497, 160 N. Y. S. 67, 35 N. Y. Cr. R. 75.

This state of the law leads to the inquiry whether the federal courts have the power to make an order suspending the execution of sentence after it has been imposed. No statute has been found conferring this authority upon the federal courts except the Probation Act of March 4, 1925, 43 Stat. 1259 (18 USCA §§ 724–727). This act (section 1 [18 USCA § 724]) provides that courts "shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best."

Apparently the sentencing court did not invoke the power conferred by the Probation Act because the defendant was not placed on probation. However, a determination of this question is unnecessary at this time because, if it is conceded that the sentencing court did not have the power to suspend the execution of the sentence, that fact did not render the original sentence of imprisonment for one year and one day invalid, and the court could enforce its judgment of sentence even after the expiration of the term at which it was imposed.

In the case of Morgan, Warden, v. Adams, 226 F. 719, the Circuit Court of Appeals of the Eighth Circuit held that an order made by a federal court without statutory authority, suspending in whole or in part, during good behavior, or for an indefinite time, a sentence of fine and imprisonment does not invalidate the sentence, and the court may enforce such sentence after the expiration of the term at which it was imposed.

In the case at bar, the sentencing court, when it resentenced the defendant on March 14, 1933, to imprisonment for the same length of time as that imposed by its original sentence, was merely revoking the order suspending the first sentence, and was legally enforcing its original sentence.

And now, October 11, 1933, after hearing on the petition for a writ of habeas corpus, rule, and answer, it appearing from the petition itself that the petitioner is not entitled to a writ of habeas corpus, it is ordered that the petition be, and the same is hereby, dismissed, and the rule granted thereon discharged.