**MASON v. ZERBST, Warden.**
**No. 1094.**

Circuit Court of Appeals, Tenth Circuit.
Jan. 7, 1935.

Harry C. Green, of Denver, Colo. (H. A. Russell, of Topeka, Kan., on the brief), for appellant.

S. S. Alexander and Dan B. Cowie, both of Topeka, Kan., for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

On January 23, 1934, Ben F. Mason, appellant, filed in the court below his petition praying that a writ of habeas corpus issue to appellee, warden of the United States Penitentiary at Leavenworth, directing him at a time to be stated to have the petitioner before the court and on hearing had that petitioner be discharged from said penitentiary. On March 10, 1934, the court made the following order:

"Now on this 10th day of March, A. D. 1934, this cause comes on for hearing on the petition and the response thereto filed herein, and the Court having fully examined the petition, the exhibits attached thereto, the response, and the exhibits attached thereto, and having heard the oral arguments of counsel for the petitioner and respondent, finds that the petition for the writ of habeas corpus should be denied, and

"It is therefore by the Court considered, ordered and adjudged that the petition for writ of habeas corpus prayed for herein be and the same is hereby denied, to which finding and order the petitioner excepts and his exceptions are hereby allowed."

As seen from the recitals contained in the order of the court, the case was heard and disposed of on the pleadings.

The applicable statute is the second paragraph of section 725, tit. 18, USCA, Probation Act § 2, as amended on June 16, 1933. As amended, the statute reads:

"At any time within the probation period the probation officer may arrest the probationer wherever found, without a warrant, or the court which has granted the probation may issue a warrant for his arrest, which warrant may be executed by either the probation officer or the United States marshal of either the district in which the probationer was put upon probation or of any district in which the probationer shall be found and, if the probationer shall be so arrested in a district other than that in which he has been put upon probation, any of said officers may return probationer to the district out of which such warrant shall have been issued. Thereupon such proba-

tioner shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

Numerous allegations are made in the petition filed by appellant in the court below, which in the answer are either admitted, explained, or denied, and which in our view of the case it is unnecessary to set out or consider. The allegations of the petition which require our attention are:

"That on or about October 10, 1930, he appeared before the United States Court for the Northern District of Texas, Amarillo Division, to answer to a grand jury indictment containing two counts of alleged forgery; that upon a plea of guilty to both counts in said indictment, was sentenced by the Court to a term of eighteen (18) months confinement in the United States Penitentiary at Leavenworth, Kansas.

"Your petitioner further shows that on November 15, 1930, the Honorable Court for the Northern District of Texas, reduced the said eighteen (18) months sentence of confinement in the United States Penitentiary, on one count of said indictment, to one hundred (100) days confinement in the Potter County, Texas, jail and placed your petitioner on probation for a period of two years, or until November 15, 1932, on the other count of said indictment; and that upon completion of the aforesaid jail sentence was released from custody and permitted to go at large upon said probation. * * *

"Your petitioner further shows that on November 13, 1933, almost one year after the expiration of his two years probation period as fixed by the United States Court at Amarillo, Texas, on November 15, 1930, he was taken before the Honorable James C. Wilson, sitting as a Court for the Northern District of Texas, at Fort Worth, and informed erroneously by Probation Officer John Alderman that your petitioner was under an eighteen (18) months sentence, execution suspended and your petitioner placed on probation for a period of three (3) years, instead of two (2) years; and recommended that the alleged probation be revoked and the suspended sentence be executed, which was so ordered; and that he is now and has been serving said sentence in the United States Penitentiary at Leavenworth, Kansas, since November 13, 1933. * * *

"That the said Honorable Court was without legal authority, after expiration of your petitioner's period of probation, in ordering the alleged probation revoked and the eighteen (18) months suspended sentence executed."

According to these allegations appellant was, after the expiration of the two-year period of his probation, arrested and taken before the court by which his probation was granted, and that after the hearing the court ordered that the suspended sentence be executed. It was under the sentence originally pronounced that appellant was committed to the penitentiary, and it was under the authority of said commitment that he was being held by the warden at the time he filed his petition for the writ of habeas corpus.

According to the record, appellant was charged in the indictment with a violation of section 262, tit. 18, USCA. The maximum penalty for a violation of this statute is fifteen years. It follows that the court on November 13, 1933, under the express language of the above-quoted paragraph of the Probation Act, namely: "At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed"—had authority to revoke the order of probation whether it was for two or three years and to enforce the original sentence.

It appears from the contention made in the original brief filed in this court that appellant filed his petition in the court below, prosecuted it there, and took his appeal to this court as the result of misapprehension as to the scope of the amendment of June 16, 1933, of the second paragraph of said section 725, it being supposed apparently that the amendment took the place of the entire paragraph, while in fact it took the place of the first sentence only of the paragraph.

Judgment affirmed.