100 P.2d 228

**STATE v. VIGIL.**

No. 4502.

Supreme Court of New Mexico.

Feb. 26, 1940.

Luis E. Armijo, of Las Vegas, for appellant.

Filo M. Sedillo, Atty. Gen., and George Lougee, Asst. Atty. Gen., for appellee.

BRICE, Justice.

In 1936 appellant, upon plea of guilty to a felony charge, was sentenced to serve not less than one year nor more than fifteen months in the state penitentiary. The sentence was suspended so long as he did not violate any criminal statute of the State of New Mexico that subjected him to punishment for a felony.

In the year of 1937 the appellant, upon plea of guilty, was again sentenced to the state penitentiary upon a felony charge. On the 7th day of March, 1939, an order was entered in the first case revoking the previous order suspending the sentence entered in 1936 and committing the appellant to the penitentiary to serve the first sentence.

The question is whether the trial court had jurisdiction to send the appellant to the penitentiary by revoking the order suspending the sentence, after the maximum term of the sentence had expired.

That part of Sec. 130-163, N.M.Comp.Sts. 1929, involved here is as follows: "* * * the court may, in its discretion, suspend any sentence imposed upon such terms and con-

ditions as it shall deem proper, and such sentence shall go into effect upon order of the court upon a breach of any of such terms or conditions by the person convicted."

The statute is plain. The defendant accepted his liberty upon the condition that the sentence should become effective if he violated the terms of the order suspending it.

There is no more reason to hold under these facts that a convict cannot be committed to the penitentiary than there is to hold that one who escapes before he is incarcerated, and is not captured until after the expiration of the maximum term of the sentence has expired, is entitled to his freedom. In re Juan Lujan, 18 N.M. 310, 137 P. 587.

The courts are not in accord on the question, but we have held that it is immaterial that the term of the sentence had expired at at the time the order of suspension is revoked, and we see no reason to change this ruling. Ex Parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A.1918C, 549; see, also, United States ex rel. Hansen v. Hill, D.C., 4 F. Supp. 748; United States v. Antinori, 5 Cir., 59 F.2d 171; Mason v. Zerbst, 10 Cir., 74 F.2d 920; Ex Parte Pfann, 53 N.D. 389, 206 N.W. 230.

The proceedings in the district court are not otherwise attacked.

The order of the district court is affirmed.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.