317 P.2d 324

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Dale SORROWS, Defendant-Appellee.**

No. 6188.

Supreme Court of New Mexico.

Oct. 31, 1957.

278

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Paul L. Billhymer, Asst. Attys. Gen., for appellant.

Smith & Smith, Fred C. Tharp, Clovis, for appellee.

SADLER, Justice.

The State appeals from an order dismissing a criminal proceeding against the defendant in which it asked imposition of sentence on him following his conviction some seven years earlier of contributing to delinquency of a minor child, at which time the court deferred sentence until the "further order of the court."

In the month of July, 1949, the defendant was charged by information with contributing to the delinquency of a minor. Following arraignment he entered a plea of nolo contendere. On September 1, 1949, an order was entered deferring sentence until the further order of the court. So matters stood until July 16, 1956, when the State filed a motion in the case to impose sentence after it was learned the defendant had been accused upon reliable information of again molesting a minor child. An order to show cause was served on him

and a hearing had thereon, at the conclusion of which the court entered the order of dismissal mentioned above from which this appeal is prosecuted.

The basis of the trial court's order denying the State's motion to impose sentence was that the court having failed to sentence defendant during the term at which he was convicted and permitted the term to lapse, it lost jurisdiction to impose the sentence at the late day now asked. In other words, the court doubted its jurisdiction to act. If it possessed jurisdiction to act, it might have been compelled to do so by mandamus. Compare National Mutual Savings & Loan Association v. McGhee, 38 N.M. 442, 34 P.2d 1093.

█ The defendant as an appellee before this Court thinks mandamus, or some proceeding other than this, an appeal, is exactly what the State should have done in the present instance. Accordingly, it has moved to dismiss the appeal and, actually, the matter is presently before us on that motion. Its determination, however, will bring us to the merits of the State's appeal, so we may as well announce now that we find the motion without merit. Counsel for appellee, the defendant, refer us to 1953 Comp. § 41–15–3, reading:

"When state to be allowed appeal or writ of error.—The state shall only be allowed an appeal or writ of error in criminal cases when an indictment, complaint or information is quashed, or adjudged insufficient upon an interlocutory motion, or judgment is arrested."

█ Taking this statute as its authority, defense counsel say they can find no basis in it for the present appeal. The State answers it takes no issue with defendant in its assertion that the right of the State to appeal is a creature of statutory authority, in the absence of which it does not exist. The statute in question limits the right to three major categories. Only the third is here involved, viz., when judgment is arrested. Counsel for defendant, themselves, quote 23 C.J.S. Criminal Law § 1514, p. 1333, which accurately sets forth the State's position here. The text states:

"Arrest of judgment is the act of staying or withholding judgment for errors appearing on the face of the record, and a motion in arrest is one seeking such action. The propriety and scope of the motion varies in different jurisdictions."

One has only to read the order in question to ascertain that the district court deemed it had lost jurisdiction to impose sentence at expiration of the term of court in which defendant entered his plea. The judge considered this delay as error justifying him in declining to impose sentence and, accordingly, discharging the defendant. All of this appeared on the face of the record. Thus the trial court withheld judgment, meaning sentence, Zellers v.

Huff, 57 N.M. 609, 261 P.2d 643, deeming the delay in imposing sentence, which appeared on the face of the record, as disclosing a fatal error. Arrest of judgment is action by the court, after verdict, directed to errors which have occurred and appear on the face of the record. State v. Mares, 61 N.M. 46, 294 P.2d 284. Counsel for the State aptly describe the present situation facing it in the following language, to wit:

"In the case at bar, appellee's plea of nolo contendere is of course tantamount to a verdict of guilty. Further, arrest of judgment occurs before sentence is imposed. Commonwealth v. Jones, 303 Pa. 551, 154 A. 480; 23 C.J.S. Criminal Law § 1515. And it is fundamental that want of jurisdiction, or jurisdictional questions, may be urged in arrest of judgment; State v. Merritt, 67 Utah 325, 247 P. 497; 23 C.J.S. Criminal Law § 1520. This, we submit is the exact situation in the case at bar. Linde v. State, 83 Okl.Crim. 365, 177 P.2d 527. In short, arrest of judgment is an occurrence after the finding of guilt (or plea establishing the same), but before the imposition of sentence, Commonwealth v. Bateman, 92 Pa.Super. 53, and is exactly what occurred in the Court below."

Viewing the matter as we do, we deem the matter properly before us on the State's appeal. Were it otherwise, we might find occasion to consider its claim whether we should not consider the question before us, for review on certiorari, within the doctrine of Gallup Southwestern Coal Co. v. Gallup American Coal Company, 39 N.M. 94, 40 P.2d 627, and Jackling v. State Tax Commission, 40 N.M. 241, 58 P.2d 1167. The conclusion already announced renders this unnecessary.

Coming then to the question involved on the appeal, it is solely one of law, namely, did the court lose jurisdiction to impose sentence on defendant by lapse of time? Whatever may be the rule in other jurisdictions, we announce, unhesitatingly, that the answer is, no. See, In re Lujan, 18 N.M. 310, 137 P. 587; Jordan v. Swope, 36 N.M. 84, 8 P.2d 788; State v. Vigil, 44 N.M. 200, 100 P.2d 228. In the Lujan case, a habeas corpus proceeding, sentence nad been imposed on defendant but suspended prior to enactment of the statute authorizing suspension of sentences. L.1909, c. 32, § 1 (now 1953 Comp. § 41-17-1). The defendant violated the condition upon which his sentence was suspended and was committed. In endeavoring to secure his release by habeas corpus, this Court treated the order suspending his sentence void but sustained his resentence on the original conviction, notwithstanding more than two years had elapsed.

In Jordan v. Swope, supra, another habeas corpus proceeding, where a defendant

sought freedom by reason of a delayed sentencing, the former sentence being treated as void, the court said [36 N.M. 84, 8 P.2d 789]:

"* * * Justice to the state requires that the illegal judgment be replaced by a valid one. Justice to the petitioner requires no more. It would be a weakness in the law and an undue yielding to individual right to hold that a convicted person may stand by without objection while a void judgment is rendered, and then escape all consequences of his guilt by attacking collaterally the legality of his restraint. Had he excepted to the sentence and appealed, his only relief would have been a reversal and a remand of the cause for new sentence. * * *"

Still complaining that imposition of a new sentence would be most unjust and that there had been a loss of jurisdiction to resentence, we said:

"Petitioner urges that there has been a loss of jurisdiction by the trial court, precluding any further proceedings upon the conviction, and leaving no alternative but an absolute discharge. No doubt the time has passed within which courts retain power to modify, alter, or change their judgments. But we propose no modification. In accordance with petitioner's own contention, and at his instance, we have found what so far has passed for a

judgment, to be a nullity. It is a general principle that a void judgment may be ignored whenever and wherever encountered, and that the inherent power of the courts to vacate such a judgment was not at common law limited to the term, and is not now limited by the several statutes. Oliver v. Enriquez, 17 N.M. 206, 124 P. 798; Kerr v. Southwest Fluorite Co., 35 N.M. 232, 294 P. 324. For the same reason that this void judgment has yielded to collateral attack, it has not served to terminate the court's jurisdiction. In legal contemplation, petitioner has never been sentenced upon his conviction for uttering fraudulent checks. He is in the same situation as if, having escaped from custody after verdict and before sentence, he were but now reapprehended. This view was taken in Ex parte Howard, supra [72 Kan. 273, 83 P. 1032]."

Our language in State v. Vigil, supra, touching a challenge to jurisdiction to commit upon revocation of suspension by reason of lapse of time seems quite pertinent to the present case. We said [44 N.M. 200, 100 P.2d 229]:

"There is no more reason to hold under these facts that a convict cannot be committed to the penitentiary than there is to hold that one who escapes before he is incarcerated, and is not captured until after the expiration of

282

the maximum term of the sentence has expired, is entitled to his freedom. In re Lujan, 18 N.M. 310, 137 P. 587."

The facts in the Vigil case and this one are not exactly parallel but we see no basic difference in principle. In the Vigil case sentence had been imposed, but suspended. Here, the trial court suspended imposition of sentence. If this defendant had escaped before sentence and remained at large for the same length of time, who would doubt, upon his recapture, jurisdiction in the district court to impose sentence? If it could, so may it do so here.

Other cases lending support to the conclusion we reach in favor of the trial court's jurisdiction to act are Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702; People v. Felix, 45 Cal. 163; Gehrmann v. Osborne, 79 N.J.Eq. 430, 82 A. 424; Barwick v. State, 107 Ark. 115, 153 S.W. 1106; Ex parte Dunn, 50 S.D. 48, 208 N.W. 224.

It follows from what has been said that the court was not without jurisdiction to impose sentence. Its order denying the State's motion to do so and discharging the defendant will be set aside and the cause remanded for further proceedings, not inconsistent with the views herein expressed.

It will be so ordered.

LUJAN, C. J., McGHEE and COMPTON, JJ., and J. V. GALLEGOS, District Judge.