389 P.2d 867

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**UNITED BONDING INSURANCE COMPANY, Defendant-Appellant.**

**No. 7350.**

Supreme Court of New Mexico.

Feb. 24, 1964.

Dan B. Buzzard, Clovis, for appellant.

Earl E. Hartley, Atty. Gen., Joel M. Carson, Asst. Atty. Gen., Santa Fe, for appellee.

NOBLE, Justice.

United Bonding Insurance Company (Appellant) executed an appearance bond as surety for Buell Carlyle, charged in Curry County, New Mexico, with a felony. The bond was conditioned:

"* * * if the said Principal shall not appear at the next term of Court in the County where said cause is to be tried, and from day to day and from term to term thereof, and abide the order of the Court *until said cause is determined*, and not depart without leave. If said Principal shall appear

at said Court as above provided and abide the order thereof, then this recognizance shall be void, otherwise to remain in full force and effect." (Emphasis supplied.)

Carlyle pled guilty but was released under the appearance bond to appear for sentence on the following Tuesday. The bond was forfeited upon his failure to appear as required. This appeal is from a judgment in favor of the State against appellant by reason of forfeiture of the bond.

The sole question presented for our determination is whether the surety was discharged from its obligation when the principal entered his plea of guilty to the information in the case in which the appearance bond was given. Our decision turns upon a proper construction of the language "until said cause is determined."

Black's Law Dictionary (4th Ed.) p. 536, defines "determine" as "to come to an end. To bring to an end * * * to settle by authoritative sentence * * *." See also, People v. Kuduk, 388 Ill. 248, 57 N.E.2d 755.

A criminal case in which there has been a plea of guilty or conviction is not ended or determined until sentence has been imposed. Zellers v. Huff, 57 N.M. 609, 611, 261 P.2d 643; State v. Morris, 69 N.M. 89, 364 P.2d 348. See also, Ables v. State, 79 Okl. 282, 193 P. 969, 20 A.L.R. 589; State v. Radcliffe, 242 Iowa 572, 44 N.W.2d 646, 47 N.W.2d 175; Suit v. State,

212 Ark. 584, 207 S.W.2d 315 and cases cited therein. See also, State v. Mouch 1910, 174 Ind. 125, 91 N.E. 502.

State v. Charles, 207 Mo. 40, 105 S.W. 609 and Kinder v. Richeson, Mo., 264 S.W. 982, relied upon by appellant are distinguishable by reason of different language upon which the bonds were conditioned. The appearance bonds in Missouri required the defendant to "answer and defend the information."

Finding no error, the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.