452 P.2d 489

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Manuel APODACA, Defendant-Appellant.**

**No. 264.**

Court of Appeals of New Mexico.

March 7, 1969.

**156**

Norman D. Bloom, Jr., Alamogordo, for appellant.

James A. Maloney, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

By information filed July 29, 1966, defendant was charged with burglary. On the same day he and his attorney appeared for arraignment and pleaded nolo contendere. The court thereupon announced that sentence would be deferred until a pre-sentence report had been secured.

A pre-sentence report, dated August 4, 1966, was prepared by the probation officer. The court entered a "Judgment and Sentence" dated August 8, and filed August 26, 1966. By this "Judgment and Sentence," the court recited the entry of the plea of nolo contendere on July 29, and ordered that sentencing of the court be deferred for two years. The court further ordered that defendant be placed on probation during the said two-year term, and that he make full restitution to the victim of the burglary.

On August 26, 1966, there was also filed an "Order of Probation" in which it was recited that the court found defendant had "* * * pled guilty to the crime of Burglary"; that sentence was deferred; that defendant was placed on probation for a period of two years from August 8, 1966; and that certain conditions of probation, which were recited, were imposed. Defendant acknowledged receipt of a true and correct copy of this "Order of Probation."

On April 13, 1967, a "General Probation Order" was read, signed and discussed by defendant with the probation officer. This order was filed on May 8, 1967, and it recited that:

"Every Defendant in a criminal case now or hereafter pending in * * *

the Third Judicial District * * * who shall be found guilty upon plea or trial and who shall be placed on probation as an incident to the deferment of sentence or the suspension of sentence, shall be bound by and strictly observe the following conditions, * * * "

There then followed a number of conditions. The expiration date of his probation is shown as August 8, 1968.

On May 20, 1968, a jury found defendant guilty of the crime of sexual assault in another cause.

On May 31, 1968, the district attorney filed in the present case a motion seeking an order of the court revoking the probation, withdrawing the deferment of the sentence, and imposing the statutory sentence for burglary. On the same day the district attorney filed an information in the cause involving the sexual assault, whereby the court was informed defendant was an habitual criminal by reason of his said convictions of burglary and sexual assault, and that he should be sentenced as such.

On June 7, 1968, defendant discharged the attorney he had employed. On June 17, 1968, pursuant to the request of defendant, the court appointed Mr. Norman D. Bloom, Jr. to represent defendant in both cases.

On July 1, 1968, defendant filed a motion pursuant to Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)]. His contentions in this motion are: (1) "The only plea entered by Defendant * * * was that of nolo contendere"; (2) "Though the plea of nolo contendere is tantamount to a plea of guilty, it does not constitute a conviction or a determination of guilt"; (3) "The Court, in entering * * * judgment * * * did not enter its order of conviction against the Defendant"; and (4) "As further grounds Defendant points out to the Court that sentence was deferred for a period of two (2) years * * and that Defendant has never been sentenced."

On July 3, 1968, this motion came on for hearing, and the court, after hearing arguments of counsel, announced that the motion was denied. The court then proceeded to question defendant concerning his probation. At the end of the questioning, the court announced that it was its judgment that defendant had violated his probation, that his probation should be revoked, and that he should be sentenced to the penitentiary for a period of not less than one nor more than five years, with credit being given for the time he was on probation from August 8, 1966. A written order was accordingly entered on July 11, 1968. It is from this order that defendant has taken this appeal.

On July 16, 1968, defendant was committed to the penitentiary for a term of not less than one nor more than five years beginning with the 11th day of July 1968, " * * * with credit to be given for the time spent on probation from August 8, 1966, to July 11, 1968, * * * "

█ It is apparent from the record that defendant was not a prisoner in custody under sentence of the court in this cause as of the time of the filing of his motion under Rule 93, as required by the rule. Sentence had not yet been imposed. In fact, as above shown, his motion expressly so stated. However, the substance of defendant's claim is that the judgments and sentences of August, 1966 and July, 1968 are void because no final determination of his guilt was ever made, and because he was denied his constitutional right to a speedy trial. For this reason we shall treat his motion as one under § 21–1–1(60) (b) (4), N.M.S.A.1953. See Roessler v. State, 79 N.M. 787, 450 P.2d 196, decided January 10, 1969 (Ct.App.).

Section 40A–1–11, N.M.S.A.1953 provides:

> "*Criminal sentence permitted only upon conviction.*—No person indicted or charged by information or complaint of any crime shall be sentenced therefor, unless he has been legally convicted of the crime in a court having competent jurisdiction of the cause and of the person. No person shall be convicted of a

crime unless found guilty by the verdict of the jury, accepted and recorded by the court; or upon the defendant's confession of guilt or a plea of nolo contendere, accepted and recorded in open court; or after trial to the court without jury and the finding by the court that such defendant is guilty of the crime for which he is charged."

Defendant concedes that he entered a plea of nolo contendere, and there can be no question that the plea was accepted and recorded in open court, although the court did not expressly state the plea was being accepted. At the arraignment proceedings and after the assistant district attorney had read the information, defendant's counsel conferred with defendant and then made an explanation to the court about defendant feeling sorry for what he had done, that he had been drinking on the night of the burglary, and that "* * * he enters a plea of nolo contendere."

The court then announced, "All right, the Court will defer sentence until a presentence report."

The defendant, through his attorney, then advised the court that he was free on his own recognizance and asked if this might continue. The court agreed. The attorney was then advised when the court would be back in Otero County.

It would have been clearer had the court expressly announced the acceptance of the plea, and the question here presented would have been avoided had the court, in the judgment dated August 8, and filed August 26, 1966, recited the acceptance of the plea and expressly adjudicated defendant's conviction on the basis of this plea. However, there can be no real doubt from what was said and recorded at the arraignment proceedings, from the entry of the "Judgment and Sentence," and from the entry of the "Order of Probation" that the court and defendant both understood that defendant's plea had been accepted, that defendant had been adjudged guilty of the charge on the basis of this plea, that his sentence for the offense was being de-

ferred, and that he was being placed on probation for two years upon certain expressly recited conditions.

Section 40A–29–15, N.M.S.A.1953, expressly provides for the entry of an order deferring imposition of sentence upon entry of a judgment of conviction. Sections 40A–29–17, 40A–29–18, 40A–29–19 and 40A–29–22, N.M.S.A.1953, all relate to the matter of the deferment of a sentence for the conviction of a crime, or the effect of such deferment upon defendant's criminal liability. Section 40A–29–23, N.M.S.A. 1953, provides: "An order deferring or suspending sentence for the purposes of appeal shall be deemed a final judgment."

It is apparent from the language of these statutes, and it is only consistent with fundamental concepts of criminal law, that the court has no power or authority to defer a sentence and impose obligations of probation upon a person charged with a crime, until that person is convicted of the crime. Defendant entered his plea of nolo contendere, which is tantamount to an admission of guilt, and which left nothing to be done except for the court to accept and record the plea in open court and enter a judgment of conviction. Section 40A–1–11, supra. See also Lott v. United States, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961). Compare State v. United Bonding Insurance Company, 74 N.M. 21, 389 P.2d 867 (1964); State v. Sorrows, 63 N.M. 277, 317 P.2d 324 (1957).

Defendant contends that the holding in Lott v. United States, supra, requires a final determination of guilt or judgment of conviction, and that such was not accomplished in the present case. Upon the acceptance of the plea and entry of "Judgment and Sentence," by which the court deferred sentence and imposed conditions of probation, there was a determination of guilt, or a pronouncement of judgment. In Lott v. United States, supra, nothing was said which is contrary to our holding. In fact, in that case, in equating the imposition of sentence with the pronouncement of judgment, it is stated: "At

any time before sentence is imposed—i. e., before the pronouncement of judgment—the plea may be withdrawn, with the consent of the court. * * *"

Although the question posed in State v. Sorrows, supra, is not quite like the one here posed, the basic facts are the same in that a plea of nolo contendere was entered and a subsequent order of deferment of sentence entered. In the Sorrows case, the Supreme Court of New Mexico held that the conviction was complete, and the court had jurisdiction to subsequently impose sentence.

We hold that the plea was accepted and recorded, and a determination of guilt was necessarily made by the court and understood by defendant. Our holding is consistent with what appears to be the majority rule, that an express adjudication of conviction, or finding of guilt, is not necessary if it is apparent from other matters in the record that the court made a judicial determination of conviction or guilt. Davis v. People of Territory of Utah, 151 U.S. 262, 14 S.Ct. 328, 38 L.Ed. 153 (1894); State v. Cook, 92 Iowa 483, 61 N.W. 185 (1896); State v. Fedder, 1 Utah 2d 117, 262 P.2d 753 (1953); 5 Anderson, Wharton's Criminal Law and Procedure § 2186 (1957); Annot., 69 A.L.R. 792 (1930).

■ However, we are of the opinion that the acceptance and recording of the plea and the entry of judgment of conviction, or determination of guilt, could have been made clearer and with greater certainty, and we recommend to the trial courts that clarity and certainty in these regards be incorporated in all judgments and orders entered upon the acceptance of a guilty plea, or upon the acceptance of a guilty verdict by a jury.

Defendant next contends that the lapse of time between the entry of his plea and the imposition of sentence in July, 1968, was unreasonable and deprived him of his right to a speedy trial, as guaranteed by Amendment VI of the Constitution of the United States and by Article II, Sec. 14 of the Constitution of New Mexico.

■ He predicates his argument under this point upon the contention made under his first point, that "no final determination of guilt was made." Since we have held that a final determination of his guilt was made no later than August 26, 1966, when the "Judgment and Sentence" and the "Order of Probation" were entered, he must fail under his second point.

A contention somewhat similar to that here urged was made and rejected in Pollard v. United States, 352 U.S. 354, 77 S. Ct. 481, 1 L.Ed.2d 393 (1957). In State v. Sorrows, supra, our Supreme Court held that the lapse of seven years from the time of deferment of sentence did not deprive the trial court of jurisdiction to impose sentence.

The contentions of defendant should be rejected, and the order denying his motion affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.