657 P.2d 636

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Al TRAVAREZ, Defendant-Appellant.**

**No. 6042.**

Court of Appeals of New Mexico.

Jan. 6, 1983.

John Bigelow, Chief Public Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

Defendant entered a plea of no contest to embezzlement of over $100 but less than $2500. On March 23, 1981, sentence was deferred and defendant was placed on probation for two years. One of the conditions of defendant's probation was that he pay restitution of $210 within 90 days of sentencing. On March 1, 1982, the State filed a petition to revoke probation, alleging defendant's failure to pay restitution. The revocation hearing was held on October 4, 1982. At that hearing, defendant moved to amend the judgment and sentence of March 23, 1981, arguing that it improperly imposed a probation period longer than the maximum sentence authorized for the crime charged. The motion was granted, but following the revocation hearing defendant was sentenced to 18 months in the state penitentiary. That sentence was suspended, and defendant was ordered to serve 18 months on probation under the supervision of the Department of Corrections, and to pay restitution. Credit for probation time already served from March 23, 1981 to March 2, 1982 was made a part of the judgment. We proposed summary reversal; the State has filed a memorandum in opposition which we find unpersuasive.

Defendant's docketing statement raised three issues:

(a) Whether the district court had jurisdiction to proceed in the revocation hearing of October 4, 1982.

(b) Whether the proceeding should have been dismissed for denial of due process because of inordinate delay from the time the Petition to Revoke Probation was filed to the time the revocation hearing was held.

(c) Whether defendant should have been given credit for time served from March 2, 1982, to October 4, 1982.

In addressing Issue (c) the State agrees that defendant should have been given credit for time served from March 2, 1982, to October 4, 1982 but argues, nevertheless, that the sentence imposed at the revocation hearing was proper. The State cites, as allowing imposition of a sentence in addition to deferred or suspended sentences even though the period of the deferred or suspended sentence had expired, the cases of *State v. Sorrows,* 63 N.M. 277, 317 P.2d 324 (1957); *State v. Vigil,* 44 N.M. 200, 100 P.2d 228 (1940); and *Ex Parte Lucero,* 23 N.M. 433, 168 P. 713 (1917). It relies on *In re Juan Lujan,* 18 N.M. 310, 137 P. 587 (1913), for the proposition that a sentence which is null and void may be replaced by a valid sentence even when the term of the original sentence has expired.

█ The cited cases were decided prior to the enactment of §§ 31–20–7(A), 31–20–9

and 31–21–15(B), N.M.S.A.1978 (1981 Repl. Pamph.). Those sections were enacted in 1963 and are applicable here; the most recent case upon which the State depends, *State v. Sorrows*, was decided in 1957. It and the other cases cited were controlled by the statute governing this matter · at the time, which provided that

the court may ... suspend any sentence ... upon ... terms and conditions ..., and such sentence shall go into effect upon order of the court upon a breach of any such terms or conditions by the person convicted.

Laws 1909, Ch. 32, § 1; Laws 1943, Ch. 131, (§ 41–7–1, N.M.S.A.1953). That statute was construed to specifically authorize execution of the suspended sentence at any time if defendant were found to have violated the terms of the order suspending it. *State v. Vigil, supra.* Significantly, the legislature repealed § 41–7–1, *supra,* and enacted § 31–20–9, *supra,* which terminates a defendant's criminal liability when his term of deferment expires. It is within the power of the legislature alone to define the court's jurisdiction over the sentencing of offenders. *State v. Mabry,* 96 N.M. 317, 630 P.2d 269 (1981).

The Court of Appeals must follow applicable precedents of our Supreme Court, but in appropriate situations we may consider whether Supreme Court precedent is applicable. *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App.), *cert. den.,* 90 N.M. 637, 567 P.2d 486 (1977). Although the case law presented by the State has never been expressly overruled, it is clear that it no longer has precedential value in light of the more recent legislative enactments we have referred to.

Section 31–20–7(A) provides that the total period of a deferred sentence shall not exceed the maximum length of the term of imprisonment which could have been imposed by sentence against defendant for the crime of which he was convicted. *See State v. Crespin,* 90 N.M. 434, 564 P.2d 998 (Ct. App.1977). Under § 31–21–15(B), upon revocation of probation the defendant may be required to serve the balance of the sentence imposed, or a lesser sentence, but he must be given credit for time served on probation. *See State v. Kenneman,* 98 N.M. 794, 653 P.2d 170 (Ct.App.1982). Finally, as we have noted, § 31–20–9 relieves defendant of any obligations imposed on him by order of the court when the period of a deferred sentence expires, and he is deemed then to have satisfied his liability for the crime. Considering the facts of this case and the provisions of the pertinent current statutes, we hold that the trial court lacked jurisdiction to proceed in this matter after September 23, 1982.

Since the trial court was without jurisdiction, it is unnecessary to address defendant's Issue (b).

The case is remanded to the trial court for entry of a proper order of dismissal pursuant to § 31–20–9, *supra.*

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.