This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.** No. 30,493

**MARC ALAN SPEARMAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Kathleen Baldridge, Assistant Appellate Defender
Santa Fe, NM

Scott Davidson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

The State appeals the dismissal of the charges against Defendant for violation of his right to a speedy trial. We proposed to reverse the dismissal because the lack of particularized prejudice to Defendant is not outweighed by the other *Barker v. Wingo*, 407 U.S. 514 (1972), factors. Defendant has timely responded to our proposal. We have considered his arguments and not being persuaded, we reverse.

In our notice, we first concluded that the delay in this case was presumptively prejudicial, thus requiring an analysis of the *Barker* factors. [CN 3] Whether the length of delay is presumptively prejudicial depends on whether the case is simple or complex. *See State v. Maddox*, 2008-NMSC-062, ¶ 9, 145 N.M. 242, 195 P.3d 1254 Defendant argues that the district court's determination that the case was of simple to intermediate complexity was improper for two reasons.

First, he contends that everyone, including the district court judge, had agreed at the hearing that the case was a simple one. He argues that the court inserted intermediate into the final written order without allowing Defendant to address the matter. We have often stated that oral rulings are not the district court's final ruling and can be changed until there is a written order. *State v. Diaz*, 100 N.M. 524, 525, 673 P.2d 501, 502 (1983) ("It is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time

2

before the entry of written judgment."). Thus, we cannot say that the district court was prohibited from deciding upon further consideration that the case was of simple to intermediate complexity. Defendant presented his arguments at the hearing, therefore, his claim that he was not allowed to address the matter is unsupported by the record. [MIO 27]

Second, he contends that the district court erred in finding that this case was anything more than a simple case. He argues that all of the case law indicates that this case was a simple case. [MIO 30] *See State v. Laney*, 2003-NMCA-144, ¶ 15, 134 N.M. 648, 81 P.3d 591. Even if we were to agree that the district court erred in determining that this case was more than a simple case, the delay here was still presumptively prejudicial. Therefore, we will not reverse the district court's determination on this matter. *See Wright v. Brem*, 81 N.M. 410, 411, 467 P.2d 736, 737 (Ct. App. 1970) (holding that error will not be corrected on appeal if the correction will not change the result).

Following the rule set out in *State v. Garza*, 2009-NMSC-038, ¶ 39, 146 N.M. 499, 212 P.3d 387, we proposed to conclude that because Defendant failed to make a particularized showing of prejudice, the other three factors must weigh heavily in Defendant's favor. We further proposed to conclude that they did not.

Defendant argues that he did show sufficient prejudice. He argues that even though he was not in jail, he nevertheless suffered the same sort of disruptions to his life that would have been suffered had he been in jail the entire time. He argues that he lost his job, was unemployed, and had to declare bankruptcy. [MIO 13] These disruptions, however, are similar to the disruptions that anyone who was under the cloud of charges might suffer. *Maddox*, 2008-NMSC-062, ¶ 35 (pointing out that the focus of our inquiry is on undue prejudice). *Garza* makes clear that the kind of prejudice that is important is pretrial incarceration and possible impairment to the defense. 2009-NMSC-038, ¶¶ 35-36. Neither of those two interests was affected here. We agree with the district court that Defendant did not show any particularized prejudice.

As there is no particularized prejudice, the other three factors must weigh heavily against the State. As we pointed out in our notice, the delay "scarcely crosse[d] the bare minimum needed to trigger judicial examination of the claim." *Id.* (internal quotation marks and citation omitted). Defendant urges that the length of delay should be viewed along with the reasons for the delay in determining the weight to give it. We recognize that the reasons for "the delay may either heighten or temper the prejudice . . . caused by the length of the delay." *Maddox*, 2008-NMSC-062, ¶ 13.

However, that does not mean that we must ignore the fact that the length of delay here was very small.

We proposed in our notice to hold that the delay was negligent and thus would not weigh heavily against the State. Defendant argues that the delay in this case was intentional rather than negligent. [MIO 17-19] He bases this contention on the fact that the district court indicated that the State had been misleading in its first motion for continuance. Simply because the State was misleading in its motion for continuance does not establish that it was deliberately attempting "to delay the trial in order to hamper the defense." *Garza*, 2009-NMSC-038, ¶ 25 (internal quotation marks and citation omitted). Defendant must show that the State "intentionally held back in its prosecution of him to gain some impermissible advantage at trial." *Id.* (internal quotation marks and citation omitted). There was no finding by the district court that the State delayed the trial for the purpose of hampering the defense as Defendant has asserted that he was not going to present evidence holding the State to its burden. [MIO 12, 18-19]

Rather, as we pointed out in our notice, two of the requested continuances were because either a witness or the prosecutor would not be available. [RP 62, 77] The third continuance was because of the assignment of the case to a different prosecutor. [RP 146] These reasons are generally viewed as negligent rather than intentional

delay. *Id.* ¶ 26. Even the district court's finding of a pattern of delay cannot be deemed the sort of intentional delay that would weigh heavily against the State, when the length of the delay was no more than several months over the presumptively prejudicial period. We weigh this delay against the State because it was responsible for all of the delay, and the delay cannot be deemed to be solely for good reasons where the district court found a pattern of delay.

In our notice, we noted that Defendant did assert his right to a speedy trial, but found that the assertion was not a forceful one. [CN 5] Defendant argues that he asserted his right four times, rather than the two that the district court found. He agrees that his *pro forma* demand at the entry of counsel's appearance carries little weight. [MIO 19] He then goes on to argue that the practice in the district court is to refrain from premature or repeated assertions of the speedy trial right. [MIO 20] While that may be the case, he does not address the fact that when the State first requested continuances, he did not object.

Defendant contends that he did object even though the State's request indicated that he did not take a position. [RP 135] There is nothing in the record to support his claim that he did object at that time, except the assertions made in his motion to dismiss. [RP 158-59] It was not until Defendant filed his motion to dismiss after sixteen months of delay that he claimed he objected all along to the State's

6

continuances. In order for the objection to be forceful, the district court needs to be made aware of it. The record shows that Defendant objected to and the district court noted the objection to the continuance requested because the case was assigned to a different prosecutor. [RP 152, 153-55] Thereafter, Defendant filed his motion to dismiss in which he asserted that he had made numerous objections to the State's delay. [RP 157-60] In fact, the record shows only one objection to the numerous requests of the State. [RP 152] We simply cannot say that there was forceful assertion of the right to a speedy trial. We do nevertheless weigh this factor in Defendant's favor.

The length of the delay, the reasons for the delay, and Defendant's assertion of the right all weigh in his favor. However, because as we pointed out earlier he did not suffer substantial particularized prejudice, those factors must weigh heavily in his favor to warrant dismissal for violation of the right to a speedy trial. In this case, they do not weigh so heavily in Defendant's favor. Therefore, we conclude that Defendant's right to a speedy trial was not violated.

Defendant asserts that *Garza* impermissibly heightens the standard for violation of the right to a speedy trial. [MIO 24] He urges this Court to disregard the case and instead rely strictly on the *Barker* court's analysis. This we cannot do. *See State v. Travarez*, 99 N.M. 309, 311, 657 P.2d 636, 638 (Ct. App. 1983) (stating that the Court

7

of Appeals must follow applicable Supreme Court precedent). Nor will we assign the case to the general calendar in order to resolve any conflict between the two cases as we are required to follow New Mexico Supreme Court precedent.

Defendant also urges assignment to the general calendar to resolve factual disputes arising from the docketing statement and the memorandum in opposition. While we agree that resolution of factual disputes is one reason for assignment of a case to general calendar, *see Udall v. Townsend*, 1998-NMCA-162, ¶ 5, 126 N.M. 251, 986 P.2d 341, we do not believe that there are factual disputes here that require resolution for this case.

For the reasons stated herein and in the calendar notice, we reverse the dismissal of charges and remand for reinstatement of the case on the district court's docket.

**IT IS SO ORDERED**.

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

8

**TIMOTHY L. GARCIA, Judge**