417 P.2d 813

STATE of New Mexico, Plaintiff-Appellee,

v.

James RABURN, Defendant-Appellant.

No. 8156.

Supreme Court of New Mexico.

Aug. 29, 1966.

John E. Conway, Alamogordo, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

This appeal is from an order denying defendant's petition for a writ of coram

nobis. The petition attacks the validity of a prior judgment and is properly a motion under § 21–1–1 (60) (b) (4), N.M.S.A. 1953. See State v. Romero, 76 N.M. 449, 415 P.2d 837.

Defendant was charged with the unlawful taking of a vehicle in violation of § 64–9–4, N.M.S.A.1953.

On March 12, 1959, defendant appeared in district court without counsel. The trial court informed him that California had issued two warrants for him and inquired if defendant wished to waive extradition. The court stated that he was making no promises but that he would probably "dismiss this case if you go back." Defendant indicated he would sign a waiver of extradition.

At this point there was a colloquy between the judge, the sheriff and the defendant as to how much money defendant got from pawning tools taken from the vehicle. Following this colloquy the trial court appointed counsel to represent the defendant. The court stated to counsel that he "would dispose of this case" if certain expenses were taken care of and if defendant waived extradition.

Defendant's counsel informed the court that he had explained to defendant his right of extradition. Defendant entered a plea of not guilty and waived extradition. California did not pursue the matter.

Defendant withdrew the plea of not guilty and entered a plea of nolo contendere on March 30, 1959. For some days before this plea, he was aware that no action would be taken under the California warrants. The court deferred action to await a pre-sentence investigation. On March 31, 1959, defendant withdrew the plea of nolo contendere and pleaded not guilty.

On April 20, 1959, defendant again withdrew the plea of not guilty and entered a plea of nolo contendere. At that time the court deferred sentence and placed him on probation. Defendant violated the conditions of his probation and was sentenced from one to five years in the penitentiary beginning May 22, 1959. While the record is not clear, apparently he had served this sentence prior to applying for the writ of coram nobis.

In all of defendant's pleas and withdrawals of pleas, he was represented by counsel. The final plea of nolo contendere was thirty-eight days after the initial arraignment. The court appearances subsequent to March 12, 1959, were before a judge other than the judge who presided March 12, 1959.

Defendant asserts that the statements made by the court on March 12, 1959, amount to a promise to dismiss the charge and thus the proceedings against him are void. If the statements made by the presiding judge did constitute a promise to dismiss, it was a promise that was of no effect. Absent a statute the court has no power to dismiss a valid criminal charge on

its own motion. 69 A.L.R. 241; 21 Am. Jur.2d, Criminal Law, § 517; 22A C.J.S. Criminal Law § 457(d). We do not have a statute conferring such power on the trial court.

Defendant asserts that the court extracted an admission of guilt in the discussion regarding the price received from the sale of tools taken from the vehicle. He argues that such an admission could be used against him at a trial if the statement were voluntary, citing State v. Jenkins, 56 N.M. 12, 239 P.2d 711.

At the time this discussion occurred defendant did not have an attorney. Defendant contends that he was denied his constitutional right to counsel under Amendment VI to the Constitution of the United States. He also contends that because he did not have counsel at the time of the admission, he was denied his constitutional right against self-incrimination under Amendment V to the Constitution of the United States.

■ Nothing that defendant said at the hearing on March 12, 1959, was used against him. He was not prejudiced by his admission; a showing of prejudice is required. Sanders v. Cox, 74 N.M. 524, 395 P.2d 353; Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965).

Defendant contends that the statements of the court on March 12, 1959, together with the subsequent prosecution of the criminal charge, violated his constitutional right to due process of law.

We need not determine whether the plea of nolo contendere is the full equivalent of a plea of guilty, or an implied confession of guilt. See State v. Sorrows, 63 N.M. 277, 317 P.2d 324; 89 A.L.R.2d 546. The plea is at least a statement that the defendant will not contest the charge.

■ By his plea defendant waived all formal defects in the proceedings. 89 A.L.R.2d 589. As stated in State v. Blackwell, 76 N.M. 445, 415 P.2d 563:

"We fail to see how appellant is in any position to complain of deprivation of constitutional rights when he has been provided with competent counsel in the district court before arraignment; has been allowed to preserve his right to object to any prior denial of rights, and has then gone to trial without raising the issue of prior failure to provide counsel or advise of rights to counsel. By so proceeding, he has as effectively waived his right to object to prior defects in the proceedings as had the parties in State v. Vaughn [74 N.M. 524, 395 P.2d 353], supra, and Sanders v. Cox, supra."

Here, counsel was provided throughout all of his pleas and changes in pleas. Defendant pleaded "no contest" without raising the issue that he raises at this time. By so proceeding he effectively waived his

right to object to any prior defects other than his claim of fundamental unfairness.

■■ If a plea of nolo contendere is entered under circumstances which render its acceptance fundamentally unfair or shocking to a sense of justice, resulting conviction violates the due process clause. 89 A.L.R.2d 594. We do not approve the statements made by the trial court. However, we cannot state as a matter of law that those statements permeated the entire proceedings and resulted in fundamental unfairness.

Defendant waived extradition after advice of counsel. Defendant, with advice of counsel, played musical chairs with his pleas for thirty-eight days. No issue was raised before the judge who accepted his plea that the statements of the first judge barred the state from prosecuting defendant. By the plea of nolo contendere he informed the court that he did not contest the charge. No claim is made that his final plea of nolo contendere was involuntary. On this record there was no violation of due process.

■ In a "supplemental addition to brief in chief" filed by defendant, he asserts that he did not waive a preliminary hearing. His plea of nolo contendere on April 20, 1959, waived his right to a preliminary examination. Sanders v. Cox, supra. Further, the record shows that he appeared before a justice of the peace on March 6, 1959, that he "pled guilty" and was bound over to district court.

Other points raised by the defendant in the supplemental brief are as follows:

1. He was refused medical attention while in the county jail and pleaded nolo contendere to get out of jail.

2. He was under duress when he pleaded nolo contendere because of the condition of the jail.

3. His plea of guilty on another car theft charge was void because he was not represented by an attorney. He claims that this plea was the basis for revoking his probation in this case.

4. Because the judgment and sentence in another criminal charge has been expunged from the record, the sentence in this case is void and should also be expunged.

■ Defendant concludes his supplemental brief by an assertion that facts in support of these points appear in the record of the proceedings in the trial court. There are no facts to support these assertions. Further, none of the above four points were presented to the trial court for its consideration and accordingly are not before us for review. Section 21–2–1(20) (1), N.M.S.A. 1953.

There being no error, the order denying the application for the writ is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.