STATE OF NORTH CAROLINA v. DONALD DAVID STEVENS

No. 7118SC274

(Filed 26 May 1971)

Criminal Law § 143— activation of suspended sentence — findings of fact

Where, upon a hearing *de novo* in the superior court on appeal from an order of the district court activating a suspended sentence, the superior court fails to make specific findings as to what condition of suspension defendant had violated, the order revoking the suspension will be vacated and the cause remanded for specific findings relating thereto.

APPEAL by defendant from *Collier, Judge,* 26 October 1970 Session of GUILFORD Superior Court.

Defendant was charged with unlawfully and wilfully neglecting and refusing to provide adequate support for his two children, in violation of G.S. 14-322.

On 2 January 1970, defendant appeared in district court and entered a plea of guilty. The district court imposed a prison term of six months suspended upon the conditions that: (1) beginning 30 January 1970 defendant pay $60 per week for the use of his children, and (2) that he pay costs of the action.

On 14 April 1970, the prosecuting witness, wife of defendant, filed a bill of particulars alleging specific instances wherein defendant had not complied with the first of the above stated conditions and prayed that defendant be arrested and jailed for noncompliance with the order of the court. A *capias* was served on defendant and after a hearing, the district court concluded that: (1) defendant should be excused for failing to pay a stated part of the sum he was in arrears because of his temporary inability to work; and (2) prayer for judgment be continued until 7 December 1970 subject to the conditions that defendant make up the remaining payments in arrears and pay court costs.

On 23 July 1970, another *capias* was issued and on the following day defendant was arrested. On 14 September 1970, the district court, after making specific findings of defendant's violations of the conditions of the suspended sentences, adjudged that defendant had breached valid conditions of the suspended sentence and ordered that he be imprisoned for six months. Defendant appealed to superior court where hearing *de novo* was had on 26 October 1970. The court heard testimony and entered judgment in pertinent part as follows:

"In open court, the defendant appeared for trial upon the charge or charges of Appeal from finding of fact (Non Support of 2 children).

"The Court finds as a fact that the defendant did wilfully violate the terms and conditions of the suspended sentence, and orders the sentence into effect, which is a violation of G.S. 14-322 and of the grade of misdemeanor.

"It is ADJUDGED that the defendant be imprisoned for the term of six (6) months in the common jail of Guilford County to be assigned to work under the supervision of the State Department of Correction."

Defendant appeals from the judgment of the superior court.

*Attorney General Robert Morgan by Staff Attorney Richard N. League for the State.*

*Cahoon & Swisher by Robert S. Cahoon for defendant appellant.*

BRITT, Judge.

Defendant's sole contention is that the superior court did not make sufficient findings of fact to activate the prison sentence imposed in district court. We agree with the contention.

We think this appeal is controlled by the opinion of this court in *State v. Langley,* 3 N.C. App. 189, 164 S.E. 2d 529 (1968), and the opinion of the Supreme Court in *State v. Davis,* 243 N.C. 754, 92 S.E. 2d 177 (1956). Although *Langley* involved suspension of probation, we think the principle is the same and the pertinent holding of the court in *Langley* is stated in the seventh headnote to the opinion as follows: "Where, in a proceeding to revoke a judgment of probation, the trial court fails to make specific findings as to what condition of probation defendant had violated, the order revoking the probation judgment will be vacated and the cause remanded for a specific finding relating thereto."

The pertinent holding of the Supreme Court in *Davis* appears to be set forth in the second headnote of the opinion as follows:

Where, upon hearing *de novo* on appeal to the Superior Court from an order activating a suspended sentence, the Superior Court fails to find wherein the defendant had violated the conditions of suspension, defendant is entitled to have the cause remanded for a specific finding in regard thereto, since only by such finding may defendant test the validity of the condition for violation of which the suspended execution was activated.

For the reasons stated, the judgment appealed from is vacated and this cause is remanded for further hearing consistent with this opinion.

Remanded.

Judges CAMPBELL and GRAHAM concur.