STATE OF NORTH CAROLINA v. ROBERT HOGAN

No. 7520SC345

(Filed 3 September 1975)

1. Criminal Law § 143— probation revocation hearing — probation judgment — necessity for introduction

    The probationary judgment does not have to be formally introduced into evidence at the revocation hearing if the record indicates, as in this case, that the judge has the order before him, and where reference is made in the judgment to specific conditions that defendant allegedly violated.

2. **Constitutional Law § 36; Criminal Law § 142— three year probation — one year active sentence — no cruel and unusual punishment**

   Probation for two years and 355 days plus twelve months of active sentence upon revocation of defendant's probation was not cruel and unusual punishment and was within the statutory limits. G.S. 15-200.

APPEAL by defendant from *Chess, Judge.* Judgment entered 27 February 1975 in Superior Court, RICHMOND County. Heard in the Court of Appeals 27 August 1975.

In March 1972 defendant was convicted and received a suspended sentence and probation. At the revocation hearing in February 1975 defendant's probation officer testified as hereafter set out that defendant had violated certain conditions of probation. Defendant stipulated that the allegations contained in the officer's testimony were correct.

One month after being placed on probation defendant, without permission, moved to an unknown address. He was not seen by his probation officer until six weeks before the hearing when he was arrested on another charge. No payment had been made to reimburse the state for defendant's attorney fee or for the cost of the action. The judge revoked the suspended sentence and from judgment imposing an active sentence defendant appealed.

*Attorney General Edmisten, by Associate Attorney Noel Lee Allen, for the State.*

*Pittman, Pittman and Pittman, by Donald M. Dawkins, for defendant appellant.*

ARNOLD, Judge.

We overrule defendant's contention that there was insufficient evidence that he failed to comply with the conditions of probation because the probation judgment was never admitted into evidence. The court made specific findings as to what conditions had been violated, and there was sufficient evidence to support these findings.

[1] The probationary judgment does not have to be formally introduced into evidence at the revocation hearing if the record indicates, as in the case at bar, that the judge has the order before him, and where reference is made in the judgment to specific conditions that defendant allegedly violated. *See State v. Langley,* 3 N.C. App. 189, 192, 164 S.E. 2d 529, 531 (1968).

**[2]**   We cannot agree with defendant's argument that probation for two years and 355 days plus twelve months of active sentence is cruel and unusual punishment. It is obvious from the record that defendant only complied with his probationary sentence for one month, not two years and 355 days. Moreover, the period of probation (three years) and the active sentence are all within statutory limits. G.S. 15-200.

Defendant's assignment that it was error for the court to limit his evidence as to defendant's having rehabilitated himself, is without merit, as are his remaining assignments of error which we have carefully considered.

The findings of Judge Chess support the conclusion that defendant wilfully and without lawful excuse violated the conditions of his probation. The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.