State v. King

---

STATE OF NORTH CAROLINA v. HERBERT F. KING

No. 7728SC649

(Filed 21 December 1977)

1. **Criminal Law § 143.5— probation revocation—report of probation officer—additional evidence**

    The trial court did not base the revocation of defendant's probation only upon the unsigned, unverified violation report of defendant's probation officer, and the evidence was sufficient to support the revocation, where the probation officer appeared before the court and testified under oath to substantially the same facts as were contained in his report, and defendant testified and put on other evidence at the hearing.

2. **Criminal Law § 143.10— probation revocation—consideration of evidence of inability to pay**

    There is no merit in defendant's contention that the court's statement at the conclusion of a probation revocation hearing directing the probation officer

to "prepare an order revoking the probationary sentence and placing the prison sentence into effect instanter" shows that the court failed to consider or evaluate defendant's evidence of his inability to make the child support payments required by his probationary judgment.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 6 July 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 6 December 1977.

Defendant was charged with violating the terms and conditions of his probation and, pursuant to proper notice, appeared and participated in hearing to determine the validity of such charge. At the hearing, the State presented evidence—through the testimony of defendant's probation officer and the violation report filed by him—tending to show that on 25 August 1976 defendant was sentenced to 5 years imprisonment for felonious abandonment and nonsupport of his children which sentence was suspended for 5 years upon the condition that defendant pay into court $100 per month for the support of his children; that defendant had made no monthly payments pursuant to the order; that defendant had been allowed to go to Georgia to obtain employment but had never gotten a job; that defendant appeared to be in good health when he left for Georgia except for cirrhosis of the liver caused by an alcohol problem; and that when defendant was arrested in Georgia, he told the probation officer that he had been unable to find a job due to a lack of work references and that he had stopped drinking.

Defendant testified that he had been unable to secure employment in Georgia although he had tried diligently; that he is trained in civil engineering and worked in this field for 14 years while he was in the Army; that he has applied for disability benefits, but his application is still being processed; and that he has a drinking problem for which he has not sought treatment recently, but for which he would be willing to accept treatment should the court so order. Defendant's brother testified that in his opinion defendant has been unable to obtain or retain employment because of his drinking problem, and that he would be willing to help his brother attend rehabilitation sessions if so allowed by the court. Defendant also introduced a psychiatric report prepared prior to his August 1976 trial for nonsupport stating

that defendant has a drinking problem but has a very high I.Q., is responsible for his actions and is competent to stand trial.

The court found that defendant had wilfully and without lawful excuse violated his probation judgment and ordered defendant's probation revoked and the suspended sentence activated immediately.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Assistant Public Defender Lawrence C. Stoker, for the defendant.*

MARTIN, Judge.

[1] Defendant contends the court erred in revoking his probation based upon the unsigned, unverified violation report of the probation officer and cites as authority *State v. Thomas*, 236 N.C. 196, 72 S.E. 2d 525 (1952). In *Thomas*, the probation revocation was based solely upon the defendant's plea of *nolo contendere* to charges amounting to a violation of the condition of his probation judgment, evidence of this plea appearing in the unverified report of the probation officer. Neither the defendant nor the probation officer presented other evidence at the hearing. The Court held that the plea of *nolo contendere* could not be used against the probationer as an admission of the violation, but that "proof of such violation, if any, must be made independently of such plea. . . ." In so holding, the Court observed that "the suspended sentence should not be invoked on the unverified report of the probation officer." Clearly this case is not controlling authority on the question before this Court. In the instant case, the probation officer appeared before the court and testified under oath to substantially the same facts as were contained in his unsigned report; thus, the reliability of this information was subject to cross-examination. Moreover, defendant was afforded the opportunity to participate and, in fact, did so by testifying and putting on additional evidence at the hearing. Upon conclusion of the hearing in the case *sub judice*, the court clearly had sufficient competent evidence before it on which to base its finding. *See State v. Langley*, 3 N.C. App. 189, 164 S.E. 2d 529 (1968). Defendant's first assignment of error is overruled.

---

[2] In his second assignment of error, defendant contends that the court erred in revoking his probation for the reason that the court failed to consider or evaluate defendant's evidence of his inability to make the payments required by his probationary judgment. In support of this contention, he relies on the court's statement at the conclusion of the hearing directing the probation officer to "prepare an order revoking the probationary sentence and placing the prison sentence into effect instanter." We find no merit in this contention.

Defendant cites as authority for this contention *State v. Young*, 21 N.C. App. 316, 204 S.E. 2d 185 (1974). In that case, the probationer offered evidence which, if believed, showed that he was *unavoidably* without the means to make required payments. Because the trial court found only that the probationer had wilfully violated the terms and conditions of his probation, this Court held that it was manifestly unclear whether the trial court had properly considered and evaluated the probationer's evidence, and therefore, ordered that a new hearing be had. We find the narrow holding of the *Young* case to be inapposite to the facts of the instant case as defendant's evidence disclosed no "unavoidable inability" to pay. Even if the court found defendant's evidence to be true, it could still find that no lawful excuse existed for defendant's failure to make payments. In addition, the trial court affirmatively indicated that it reached its determination "[f]rom the evidence presented. . . ." This assignment of error is overruled.

Affirmed.

Chief Judge BROCK and Judge CLARK concur.