683 P.2d 970
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**David BACA, Defendant-Appellant.**

**No. 7542.**

Court of Appeals of New Mexico.

May 15, 1984.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, Mark Shapiro, Trial Counsel, Albuquerque, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Charles D. Noland, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

This appeal presents the question of whether a conviction based on a nolo contendere plea can be used as the sole basis to revoke probation. We hold that it cannot and, therefore, reverse.

Following conviction in metropolitan court for driving while intoxicated, second offense, and possession of less than one ounce of marijuana, the court suspended the majority of defendant's sentence and fine and placed him on probation. One condition of probation required that defendant "is not to be subsequently convicted for any alcohol related offense" during the period of probation.

Approximately six weeks after conviction defendant was arrested for DWI and entered a plea of "no contest." On the basis of that plea, the State moved to revoke defendant's probation. From an order of the metropolitan court granting this motion and ordering defendant to serve the balance of his term, defendant appealed to the district court. Defendant now appeals to this court from an adverse ruling by the district court.

Before discussing the primary issue before us, we must resolve defendant's argument that absent a formal judgment of conviction or finding of guilt, the metropolitan court acted prematurely in revoking his probation for the earlier offense. In the no contest proceeding the metropolitan judge utilized a judgment and sentence form which provided for two types of pleas: one for a plea of "not guilty" and a second for a "plea of guilty." We are concerned with the latter. Following a space to fill in the type of guilty plea, there are two boxes. One box is for a guilty plea and the other for a nolo contendere plea. After filling in the space designating the type of guilty plea with the words "no contest" the metropolitan judge checked the "guilty" box rather than the "nolo contendere" box. This could indicate either an oversight by the metropolitan court judge or improper acceptance of a guilty plea. By its ruling the district court implicitly found that the metropolitan court judge inadvertently checked the wrong box. We have no reason to disagree with the district court's view. We hold that on these facts an express finding of guilt and a formal judgment of conviction were unnecessary. Although the judgment and sentence portion of the form was not completed, the acceptance of defendant's plea and the fact that the metropolitan court judge ordered a presentence report was tantamount to a finding of guilt or judgment of conviction. *Cf. State v. Apodaca*, 80 N.M. 155, 452 P.2d 489 (Ct.App.1969), (the acceptance of plea of nolo contendere and entry of an order deferring sentence and placing defendant on probation amounted to a determination of guilt or a pronouncement of judgment).

Thus, we proceed to discuss the nolo contendere plea.

■ It is difficult to describe the exact parameters of the nolo contendere plea. In *State v. Raburn*, 76 N.M. 681, 417 P.2d 813 (1966), the supreme court said: "We need not determine whether the plea of nolo contendere is the full equivalent of a plea of guilty, or an implied confession of guilt. The plea is at least a statement that the defendant will not contest the charge." 76 N.M. at 684, 417 P.2d 813 (citations omitted). The Fifth Circuit provided a definition of the term in *Piassick v. United States*, 253 F.2d 658 (5th Cir.1958): "Nolo contendere means, 'I do not contest it.' It is, to be sure, a tacit confession of guilt, but solely for the purpose of the case in which it is entered." 253 F.2d at 661. We agree and hold for the purposes of the case before us that a plea of nolo contendere is not the full equivalent of a plea of guilty, but does amount to a confession of guilt solely for the purposes of the case in which it is entered. For discussions concerning nolo contendere pleas and their use, *see* Lenvin and Meyers, *Nolo Contendere: Its Nature and Implications*, 51 Yale L.J. 1255 (1942); Note, *Nolo Contendere: Acceptance in the Federal Courts*, 10 Mem.St. U.L.Rev. 550 (1980); and Annot., 89 A.L.R.2d 540 (1963).

■ Turning to the question at hand, we now determine the consequences of a plea of nolo contendere in a collateral proceeding involving probation revocation. May the State simply offer the nolo contendere plea as the sole ground for establishing a basis to revoke defendant's probation? We hold it may not.

NMSA 1978, Crim.P.R. 21(g)(6) (Cum. Supp.1983) provides:

**Inadmissibility of plea discussions.** Evidence of * * * a plea of no contest * * * or of an offer to plead * * * no contest * * * to the crime charged or any other crime, or of statements made in connection with * * * the foregoing [plea] or [offer], is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

Almost identical language appears in NMSA 1978, Evid.R. 410 (Repl.Pamp.1983). While the Rules of Evidence are not applicable to probation revocation proceedings, Evid.R. 1101(d)(2), nevertheless, Crim.P.R. 21(g)(6) is applicable to district court proceedings of this kind, and we see no reason why it should not apply to metropolitan courts. *Cf.* NMSA 1978, Metro.R. 41 (Repl. Pamp.1981); *see* Evid.R. 803(22).

In construing Evid.R. 410, which is identical to Crim.P.R. 21(g)(6), the supreme court in *State v. Trujillo*, 93 N.M. 724, 605 P.2d 232 (1980), said:

Rule 410 embodies the public interest in encouraging negotiations concerning pleas between the criminal defendant and the State. Guilty pleas are an essential part of our criminal justice system, and candor in plea discussions aids greatly in the reaching of agreements between the defendant and the State. This ultimately results in the speedy disposition of cases. * * *

93 N.M. at 727, 605 P.2d 232.

Although dealing with statements made in connection with a plea bargain, *State v. Trujillo* is instructive in setting forth the policy of this State to promote plea bargaining. A holding contrary to the one we make here might well undermine that policy.

■ The State argues that an accused could subvert revocation of probation simply by pleading nolo. While we agree the task would be easier if the State had only to offer the plea in order to obtain revocation, still the burden is not that exacting. Hearings on probation violations may be informal, NMSA 1978, § 31–21–15(B) (Repl. Pamp.1981), and the proof required need not be beyond a reasonable doubt, but need establish only a reasonable certainty to satisfy the conscience of the court of the truth of the violation. *State v. Brusenhan*, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968).

■ While plea agreements are favored, we do not want to be understood as advocating the routine acceptance of nolo con-

tendere pleas. The plea is one of grace, not of right. Crim.P.R. 21(c)(3); Metro.R. 41(c). The State can always argue against acceptance of the nolo plea, and the trial court has the discretion to refuse the plea. *See United States v. Soltow,* 444 F.2d 59 (10th Cir.1971) (construing Federal Rule 11). We note that the federal rules have been amended to accommodate the public interest in not having nolo pleas accepted by trial courts summarily. *See* 10 Mem.St. U.L.Rev. 550.

The approach we take finds support in at least one other state. *See State v. Thomas,* 236 N.C. 196, 72 S.E.2d 525 (1952); *State v. King,* 34 N.C.App. 717, 239 S.E.2d 587 (1977). For cases allowing either use or qualified use of the nolo plea to revoke probation, *see, e.g., Maselli v. State,* 425 So.2d 176 (Fla.Dist.Ct.App.1983); *State v. Ruby,* 650 P.2d 412 (Alaska Ct.App.1982); *Donaldson v. State,* 407 So.2d 623 (Fla.

Dist.Ct.App.1981); Annot., 89 A.L.R.2d at 604. We find these cases unpersuasive.

Since the State offered no proof of violation other than the plea of nolo contendere, we reverse and remand for further proceedings consistent with this opinion. Because of this disposition, we do not reach defendant's second issue concerning the district court's authority to modify or reduce the sentence.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.