An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1054
NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

STATE OF NORTH CAROLINA

   v.

DONTE MAURICE PARKER

Pitt County
Nos. 09 CRS 12865
     09 CRS 61279


Appeal by defendant from judgments entered 18 March 2013 by Judge Quentin T. Sumner in Pitt County Superior Court. Heard in the Court of Appeals 23 January 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Lareena J. Phillips, for the State.*

> *Assistant Public Defender James F. Hedgpeth, Jr., for defendant.*

> HUNTER, JR., Robert N., Judge.

Defendant Donte Maurice Parker ("Defendant") appeals from judgments revoking his probation and activating his sentences. Defendant argues that the trial court (i) erred by proceeding without an indictment; (ii) erred by proceeding without a hearing; (iii) abused its discretion by finding Defendant violated the conditions of probation; (iv) did not provide

sufficient notice; and (v) erred by failing to apprise Defendant of his right to counsel. After careful review, we affirm in part and reverse and remand in part.

## I. Facts & Procedural History

On 24 November 2009, Defendant was charged with Habitual Misdemeanor Assault in 09 CRS 61279 and indicted on 11 January 2010. On 21 September 2010, Defendant pled guilty to the charge. Defendant received a suspended sentence of 19 to 23 months imprisonment and was placed on supervised probation for 36 months.

Defendant was also charged on 24 November 2009 with Driving While Impaired in 09 CRS 12865 and indicted on 22 February 2010. Defendant pled guilty to this charge on 7 February 2011 and received a suspended sentence of 34 to 41 months imprisonment and an active split sentence of 12 months. Defendant was placed on supervised probation for 30 months.

Defendant's supervised probation under both charges required Defendant to commit no criminal offense, pay court costs and other fees, submit to officer supervision with the Intensive Probation Program for six months, and comply with curfew requirements.

On 27 February 2013, Defendant's probation officer Rodney Glover ("Officer Glover") issued a probation violation report in 09 CRS 61279 as well as an "Authority to Arrest" form for that offense. Another violation report concerning 09 CRS 12865 was filed on 12 March 2013. The reports stated that Defendant violated his curfew on 16 and 28 October 2012, that Defendant was in arrears with court costs and/or supervision fees in both 09 CRS 61279 and 09 CRS 12865, and that Defendant was convicted of Driving While License Revoked ("DWLR") on 25 January 2013. Defendant signed the report in 09 CRS 61279, which listed a hearing date of 11 March 2013. The report in 09 CRS 12865 listed a hearing date of 18 March 2013 and Defendant did not sign the document. The report read "Offender In Cuffs 2-22-13" at the signature line.

On 18 March 2013, 09 CRS 12865 was called for hearing in Pitt County Superior Court. Defendant completed a waiver of his right to counsel and proceeded *pro se*. The following exchange occurred when discussing Defendant's choice to proceed *pro se*:

> [THE STATE]: Number 23 is present, your Honor, which is Donte Parker. He originally filled out an affidavit and decided he wanted to waive. Once again, the underlying charge is habitual driving while impaired, and the sentence is thirty - suspended sentence is 34 to 41 months, your Honor.

THE COURT: Mr. Parker?

THE DEFENDANT: Yes, sir.

THE COURT: You changed your mind, you don't want a lawyer then?

THE DEFENDANT: No, sir.

THE COURT: Sign a waiver, please, sir. Do you understand the sentence that you're under?

THE DEFENDANT: Yes, sir.

THE COURT: 34 to 41 months?

THE DEFENDANT: Yes, sir.

Defendant admitted to the probation violation on 28 October 2012, to being in arrears on his court and supervision costs, and to being convicted of DWLR. Defendant did not admit the curfew violation on 16 October 2012 and said he was working that evening. The State withdrew the 16 October 2012 violation. The trial court revoked Defendant's probation in both 09 CRS 12865 and 09 CRS 61279 and activated Defendant's sentences in both cases. Defendant filed written notice of appeal on 28 March 2013.

## II. Jurisdiction & Standard of Review

N.C. Gen. Stat. § 7A-27(b) (2013) vests jurisdiction in this Court to hear appeals "[f]rom any final judgment of a superior court." As a judgment activating a probationer's

sentence is a "final judgment," we have jurisdiction to hear the instant appeal. *See* N.C. Gen. Stat. § 15A–1347(a) (2013) ("When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, [a] defendant may appeal under [N.C. Gen. Stat. § 7A-27].").

However, Defendant's written notice of appeal did not indicate which court he appealed to, and Defendant did not serve a copy of the Notice of Appeal on the State, in violation of N.C. R. App. P. 4 (providing that written notice of appeal must be served upon all adverse parties and must state the court to which appeal is taken). Failure to comply with Rule 4 constitutes a jurisdictional default, which "precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008). Accordingly, we dismiss Defendant's appeal, but, in our discretion, we allow Defendant's petition for writ of certiorari to review the merits of his arguments pursuant to N.C. R. App. P. 21.

Defendant raises five arguments on appeal. Defendant first argues that the trial court lacked jurisdiction to hear the

probation revocation. The argument is without merit, as the State produced an indictment to establish jurisdiction.

Second, Defendant argues that his probation was revoked in violation of the Fourteenth Amendment and N.C. Gen. Stat. § 15A-1345 (2013). Defendant did not raise this issue at his probation revocation hearing. "[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal." *Dogwood*, 362 N.C. at 195–96, 657 S.E.2d at 364. Appellate courts may suspend the requirements of the Rules of Appellate Procedure when necessary to "prevent manifest injustice to a party." N.C. R. App. P. 2. Such suspensions must be made cautiously, and only in exceptional circumstances. See *Dogwood*, 362 N.C. at 196, 657 S.E.2d at 364. We grant Defendant's request under Rule 2 to prevent manifest injustice in his case.

"It is well settled that de novo review is ordinarily appropriate in cases where constitutional rights are implicated." *Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001). Under *de novo* review, we examine the case with new eyes. "The word *de novo* means fresh or anew; for a second time, and an appeal *de novo* is an appeal in which the appellate court uses the trial

court's record but reviews the evidence and law without deference to the trial court's rulings." *Parker v. Glosson*, 182 N.C. App. 229, 231, 641 S.E.2d 735, 737 (2007) (quotation marks and citations omitted).

Third, Defendant argues the trial court erred in finding that Defendant willfully violated the terms of his probation. A trial court's probation revocation is reviewed for an abuse of discretion. *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

Fourth, Defendant argues that the trial court did not provide sufficient notice of his probation violations at the hearing. As this is an alleged violation of a statutory mandate, we review the matter *de novo*. *State v. Wilkins*, ___ N.C. App. ___, ___, 737 S.E.2d 791, 793 (2013).

Finally, Defendant argues the trial court did not properly inquire into his waiver of counsel. This is an issue of law also reviewed *de novo*. *State v. Watlington*, 216 N.C. App. 388, 393–94, 716 S.E.2d 671, 675 (2011).

### III. Analysis

### a. Due Process Claims

Prior to a probation revocation, the trial court must hold a hearing, unless the probationer waives the hearing. N.C. Gen. Stat. § 15A-1345(e). Section 15A-1345(e) also requires that "[t]he State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged. The notice, unless waived by the probationer, must be given at least 24 hours before the hearing." "The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act." *State v. Hubbard*, 198 N.C. App. 154, 158, 678 S.E.2d 390, 393 (2009). Further, "[a] probationary judgment does not have to be formally introduced into evidence at the revocation hearing if the record indicates . . . that the judge has the order before him, and where reference is made in the judgment to specific conditions that defendant allegedly violated." *State v. Hogan*, 27 N.C. App. 34, 35, 217 S.E.2d 712, 712–13 (1975).

Defendant alleges that he was denied a probation violation hearing for 09 CRS 61279, as only 09 CRS 12865 was called for hearing and Defendant thereafter received judgments for both 09

CRS 61279 and 09 CRS 12865. We agree and our review of the record provides no indication that the trial court considered 09 CRS 61279 or the probation revocation report relating to that charge.

Officer Glover provided Defendant with notice of a 11 March 2013 hearing at 9 A.M. in the 09 CRS 61279 probation violation report, which would meet the 24-hour statutory notice requirement had the matter been considered at the hearing for 09 CRS 12865. The 09 CRS 61279 probation violation report was signed by Defendant and filed on 27 February 2013, indicating an acknowledgment that a hearing would come on for 11 March 2013. Both probation violation reports noted that Defendant violated curfew on 10/16/12 and 10/28/12, that Defendant owed court costs, and that Defendant was convicted of DWLR on 25 January 2013. The two probation violation reports were also nearly identical in showing that Defendant violated his curfew on two occasions and was arrested for DWLR.

However, at the 09 CRS 12865 hearing, the trial court did not explicitly call 09 CRS 61279 for hearing, refer to 09 CRS 61279 during the hearing, or refer to the 09 CRS 61279 probation violation report. Without an indication that Defendant waived his probation revocation hearing in 09 CRS 61279 or any indicia

that the court considered the matter at the 18 March 2013 hearing, it is not clear that Defendant received the probation revocation hearing that he was entitled to by statute. As such, we reverse the trial court's judgment in 09 CRS 61279 and remand for a probation revocation hearing. Accordingly, we do not address Defendant's remaining arguments concerning 09 CRS 61279.

### b. Notice of 09 CRS 12865

Defendant argues that he had insufficient notice of the 09 CRS 12865 hearing because he did not sign the revocation form. We disagree.

"It is not a requisite to the validity of the service of the notice that the defendant sign it." *State v. Langley*, 3 N.C. App. 189, 191, 164 S.E.2d 529, 530 (1968). In *Langley*, Defendant refused to sign the probation report and the notice of the hearing did not include the date, time, and place of court for the probation revocation. *Id.* However, this Court upheld this service of notice, as the statute only required the probation officer to "'inform the probationer in writing of his intention to pray the court to revoke probation or suspension and to put the suspended sentence into effect, and shall set forth in writing the grounds upon which revocation is prayed.'" *Id.* (quoting N.C. Gen. Stat. § 15-200.1 (1967) (repealed by 1977

N.C. Sess. Laws ch. 711, § 33 and recodified at N.C. Gen. Stat. § 15A-1345))). Further, "when a defendant voluntarily appears at the appointed time and place and participates in the hearing as the defendant did in this case, he is not prejudiced by the failure of the written notice to contain such information." *Id.*

In *State v. King*, this Court held that where a probation officer appeared in court to testify to the same facts contained in the unsigned probation violation report, the information was subject to cross examination. 34 N.C. App. 717, 719, 239 S.E.2d 587, 588 (1977). As such, the defendant was provided with the opportunity to cross-examine the information, as the defendant participated in the hearing, testified, and put on evidence. *Id.*

Here, Defendant did not sign his probation revocation report. However, Defendant voluntarily appeared and participated in his probation revocation hearing. The 09 CRS 12865 report, filed on 12 March 2013, listed a hearing date of 18 March 2013. The notice provided was well before the 24-hour notice required under N.C. Gen. Stat. § 15A-1345(e). At the hearing, Defendant testified, had the opportunity to present evidence, and also received the opportunity to cross-examine testimony from his probation officer, Officer Glover. The

alleged violations of his probation listed were re-announced in court, and Defendant admitted all of the allegations except a curfew violation on 16 October 2012. The court waived the 16 October 2012 curfew violation and found Defendant in willful violation of his probation. As Defendant participated in the hearing and had the opportunity to cross-examine the contents of the probation violation report, Defendant was not prejudiced by the lack of his signature on the 09 CRS 12865 report.

### c. Right to Counsel

Before permitting a defendant to proceed *pro se*, a trial court must (i) advise the defendant of his right to counsel, (ii) ensure the defendant "[u]nderstands and appreciates the consequences of his decision," and (iii) ensure the defendant "[c]omprehends the nature of the charges and proceedings and the range of permissible punishments." N.C. Gen. Stat. § 15A-1242 (2013); *see also* N.C. Gen. Stat. § 7A-457 (2013) (requiring such a waiver made by an indigent person to be in writing). "Compliance with the dictates of this section has been held to fully satisfy the constitutional requirement that waiver of counsel be knowing and voluntary." *State v. Warren*, 82 N.C. App. 84, 87, 345 S.E.2d 437, 439 (1986). The critical issue of this statutory mandate "is whether the statutorily required

information has been communicated in such a manner that defendant's decision to represent himself is knowing and voluntary." *State v. Carter*, 338 N.C. 569, 583, 451 S.E.2d 157, 164 (1994).

Here, Defendant was asked by the trial court whether he wanted the services of a lawyer and he declined those services. Defendant was asked whether he understood the sentence he faced, which the trial court clarified by explaining the 34 to 41 month length of the activated sentence. The transcript clearly shows that Defendant (i) knew he had a right to counsel, (ii) understood his charges and the range of punishment, and (iii) by implication understood the consequences of his decision to waive his right to counsel.

Defendant further argues that the waiver form was invalid because it was not signed and thus not certified by the Clerk of Court. However, the Clerk of Court's signature does not certify Defendant's waiver, nor does its absence invalidate a waiver. Defendant signed the waiver and Judge Sumner certified it for the trial court. *See Warren*, 82 N.C. App. at 89, 345 S.E.2d at 441 ("When a defendant executes a written waiver which is in turn *certified by the trial court*, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary,

unless the rest of the record indicates otherwise." (emphasis added)). The relevant statutes do not require certification by the clerk, nor does any previous case require the clerk's signature for a certification to be valid. *See* N.C. Gen. Stat. §§ 7A-457, 15A-1242. Lastly, the waiver form contains a signature box for the judge in the section entitled "CERTIFICATE OF JUDGE." Conversely, the clerk's signature is listed only as an authenticating device, namely that the signing defendant was sworn and that the defendant subscribed to the statement before the clerk. Accordingly, we hold that Defendant was properly apprised of his right to counsel, and that he completed a validly certified waiver of that right.

## IV. Conclusion

For the foregoing reasons we

AFFIRM IN PART, REVERSE AND REMAND IN PART.

Judges STROUD and DILLON concur.

Report per Rule 30(e).