IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                    **No. 29,413**

CLIFFORD GARCIA,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Richard J. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals his conviction for aggravated driving under the influence (DWI), contrary to NMSA 1978, § 66-8-102(D) (2008). We issued a calendar notice proposing to affirm. Defendant filed a timely memorandum in opposition. Unpersuaded, we affirm.

**DISCUSSION**

In the docketing statement, Defendant challenged the sufficiency of the evidence to demonstrate his actual physical control of his motor vehicle. [DS 6] Defendant also argued that he was denied his right to a fair trial. [Id.] Our calendar notice declined to address Defendant's second issue because we were unable to determine the basis for the argument. [CN 5] Defendant's memorandum in opposition does not continue to advance the second issue. When a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988). We therefore turn to the sufficiency issue.

"Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86 (citations omitted). We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

"Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986). In order to convict Defendant of aggravated DWI, the State was required to prove beyond a reasonable doubt (1) that Defendant operated a motor vehicle, (2) that at the time he was under the influence of intoxicating liquor or drugs in that he was "less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public," and (3) that he refused to submit to chemical testing. [RP 117] *See* UJI 14-4508 NMRA. The jury also was instructed that "[a] person is operating a motor vehicle if a person is in actual physical control, whether or not the vehicle is moving." [RP 119] *See* UJI 14-4511 NMRA (providing a definition when "operating" or "driving" is in issue).

The docketing statement indicates that a police officer responding to a noise complaint found Defendant's motor vehicle parked in the driveway of a private home. [DS 3] The officer testified that Defendant was in the vehicle, the keys were in the ignition, the battery was operating the vehicle, the radio was on, and the hood was warm. [Id.] The record further indicates that Defendant was sitting in the driver's seat. [RP 8] The officer noticed a strong odor of intoxicating liquor on Defendant and observed that Defendant stumbled while exiting the vehicle and had slurred speech

and red, watery eyes. [DS 3] Defendant admitted drinking and the officer noticed empty beer bottles in the vehicle. [Id.] Defendant told the officer that he was homeless and living in his vehicle and that his friend was allowing him to park his vehicle in her driveway. [DS 3-4] Defendant told the officer that he had not consumed alcohol until his vehicle was parked for the night. [DS 4] The officer testified that the contents of Defendant's vehicle indicated that someone was living inside. [Id.]

Defendant's friend testified that she had given Defendant permission to park his vehicle in the driveway and that he had parked his vehicle long before the officer arrived. [DS 5] The friend, who was also the one who called police to complain about the noise from Defendant's radio, admitted that she may have stated when she called that Defendant was drinking and/or driving. [Id.] Another friend of Defendant's testified that he had been drinking with Defendant earlier in the evening, but that the vehicle remained parked the entire time. [Id.] Defendant admitted to drinking in his vehicle, but testified that he did not consume alcohol until he had parked for the night. [Id.] He testified that he occasionally ran his engine that evening to keep warm and left the battery on to listen to the radio. [DS 6] He testified that his vehicle was in fact a home. [Id.]

Defendant's memorandum in opposition does not contest our understanding of the evidence and testimony introduced at trial. [MIO 3] However, Defendant

4

continues to argue that the evidence was insufficient that he was in actual physical control of the vehicle. [DS 6, MIO 3-18]  Defendant contends that he presented a "plethora of evidence that he had not moved his vehicle for hours and had only occasionally started his car for heat." [DS 6]  Despite Defendant's contentions, our cases hold that the State may charge a person with DWI when the person "is found on private property in actual physical control of a non-moving vehicle." *See State v. Johnson*, 2001-NMSC-001, ¶ 24, 130 N.M. 6, 15 P.3d 1233 (2000).   "[A] person is in actual physical control over a vehicle when he or she exercises direct influence over the vehicle." *Id.* ¶ 19.  Thus, our courts have found in several cases that defendants had actual physical control of a vehicle when they were in a parked vehicle with or without the engine running and the key was found in the ignition. *See id.* (discussing cases and recognizing "that the clear purpose of the 'actual physical control' element of the DWI statute is to deter persons from placing themselves in a situation in which they can directly commence operating a vehicle while they are intoxicated").

Defendant's appellate defender does a commendable job of trying to distinguish this case from others in which the keys were found in the ignition. [MIO 3-14] Defendant's memorandum in opposition argues that in our other cases, "unlike the present case, there is a present sense of physical control because there is a presumption that the defendant was actually driving the motor vehicle." [Id. 6]

Defendant also relies on out-of-state authority to argue that we need a totality of circumstances test for determining "actual physical control." [Id. 15-18]

We remind Defendant than we are bound by the applicable precedents of the Supreme Court. *State v. Travarez,* 99 N.M. 309, 311, 657 P.2d 636, 638 (Ct. App. 1983). As Defendant recognizes, "actual physical control" has been defined "as being physically capable of starting the engine and causing the vehicle to move." [MIO 5] *See Johnson*, 2001-NMSC-001, ¶ 19. Here, a police officer testified that when he found Defendant sitting in his vehicle consuming alcohol the keys were in the ignition, the battery was operating the motor vehicle, the radio was on, and the hood was warm. [DS 3] The jury was properly instructed according to our uniform jury instructions. Under these circumstances, we conclude that the jury was entitled to find that there was sufficient evidence that Defendant had actual physical control of the vehicle, even though the vehicle was not moving.

**CONCLUSION**

For these reasons, and those in the calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

---

**MICHAEL E. VIGIL, Judge**

6

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**LINDA M. VANZI+, Judge**

7